**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| OSANEME OKARO, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:23-cv-21773-KMM |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| ICAHN ENTERPRISES L.P., CARL C. ICAHN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO, | |
| Defendants. | |
| | |
| MICHAEL LEVINE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:23-cv-22009-RKA |
| Plaintiff, | |
| v. | |
| ICAHN ENTERPRISES L.P., CARL C. ICAHN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**MOTION OF JASON CARLSON FOR CONSOLIDATION OF RELATED ACTIONS,**
**APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF**
<u>**COUNSEL**</u>

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................1

FACTUAL BACKGROUND ...................................................................................................2

ARGUMENT ...........................................................................................................................3

    A.   The Related Actions Should Be Consolidated ................................................................3

    B.   Mr. Carlson Is the "Most Adequate Plaintiff" and Should be Appointed Lead Plaintiff....4

        1.   The Motion Is Timely........................................................................................5

        2.   Mr. Carlson Has a Substantial Financial Interest in the Relief Sought by the Class. .....5

        3.   Mr. Carlson Otherwise Satisfies Rule 23. ........................................................6

    C.   The Court Should Approve Mr. Carlson's Selection of Block & Leviton LLP as Lead

        Counsel .......................................................................................................................7

CONCLUSION .........................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Edward J. Goodman Life Income Tr. v. Jabil Cir., Inc.*,
2007 WL 170556 (M.D. Fla. Jan. 18, 2007) ...................................................................7

*In re Cavanaugh*,
306 F.3d 726 (9th Cir 2002) ...........................................................................................5

*Luczak v. Nat'l Beverage Corp.*,
2018 WL 9847842 (S.D. Fla. Oct. 12, 2018) ..................................................................8

*Mulvaney v. Geo Grp., Inc.*,
2016 WL 10519276 (S.D. Fla. Nov. 21, 2016) ...............................................................6

*Prado-Steiman ex rel. Prado v. Bush*,
221 F.3d 1266 (11th Cir. 2000) ......................................................................................7

*Steppacher v. Alfi, Inc.*,
2022 WL 1115049 (S.D. Fla. Apr. 13, 2022)...................................................................5

*Thieffry v. Synchronoss Tech., Inc.*
No. 3:17-cv-07173-FLW-LHG (D.N.J.) ..........................................................................9

**Rules**

Fed. R. Civ. P. 23(a)(4) ..................................................................................................7

Movant Jason Carlson respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order (i) consolidating all related securities class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"); (ii) appointing Mr. Carlson as Lead Plaintiff; and (iii) approving his selection of Block & Leviton LLP ("Block & Leviton") as Lead Counsel and Edelsberg Law, P.A. ("Edelsberg Law") as Liaison Counsel for the Class.

## INTRODUCTION

Two class actions (the "Related Actions") brought on behalf of all persons who purchased or otherwise acquired Icahn Enterprises L.P. ("Icahn Enterprises" or the "Company") securities between August 2, 2018, and May 9, 2023, inclusive (the "Class Period") are currently pending in this District. The Related Actions allege claims under §§ 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. As detailed below, the Related Actions involve common issues of law and fact and should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

The Related Actions allege that, throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Icahn Enterprises misled its shareholders by inflating its net asset value, and using money from new investors to pay out dividends to older investors, increasing the likelihood that the Company would become the subject of criminal and/or regulatory scrutiny.

Pursuant to the PSLRA, the Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Jason Carlson is the "most adequate plaintiff" by virtue of, among other things, the approximately $1,100,055 in losses that he sustained on his purchases of Icahn Enterprises L.P. shares during the Class Period.

In addition to asserting the largest financial interest in this litigation, Mr. Carlson also satisfies the relevant requirements of Rule 23 because his claims are typical of all Class members and he will fairly and adequately represent the interests of the Class.

The PSLRA also provides that "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Mr. Carlson has further demonstrated his adequacy through his selection of Block & Leviton, a law firm with substantial experience in successfully prosecuting securities class actions, to serve as Lead Counsel, and Edelsberg Law to serve as Liaison Counsel for the Class.

Accordingly, Mr. Carlson respectfully requests that the Court consolidate the related actions, appoint him as Lead Plaintiff, and approve his selection of counsel.

### FACTUAL BACKGROUND

Icahn Enterprises is a master limited partnership holding company that owns numerous subsidiary businesses in the Investment, Energy, Automotive, Food Packaging, Real Estate, Home Fashion, and Pharma industries, among others. Approximately 85% of Icahn Enterprises

outstanding depository units were owned by Defendant Carl C. Icahn ("Icahn") and his affiliates as of December 31, 2022.

On May 2, 2023, well-known short-seller, Hindenburg Research published a research report alleging that Icahn Enterprise's net asset value was inflated by at least 22%, and that the Company operates a ponzi-like economic structure, where it uses new investors' funds to pay dividends to older investors. On this news, the share price of Icahn Enterprises fell 20% from $50.42 to close at $40.36 per share on May 2, 2023.

Before the market opened on May 10, 2023, Icahn Enterprises filed its quarterly financial results for the period ending March 31, 2023, in which the Company disclosed being contacted by the U.S. Attorney's Office for the Southern District of New York on May 3, 2023. The U.S. Attorney's Office sought production of information relating to the Company, certain of its affiliates' "coporate govenance, capitalization, securities offerings, dividends, valuation, marketing materials, due diligence and other materials." Icahn Enterprises confirmed it is "cooperating with the request", and "providing documents in response to the voluntary request for information." On this news, the share price of Icahn Enterprises dropped 15.1% from $37.97 to $32.22 on May 10, 2023.

As a result of Defendants' material misrepresentations and omissions of material facts, and the precipitous decline in the market value of the Company's securities, Plaintiff, Mr. Carlson, and other Class Members have suffered significant losses and damages.

**ARGUMENT**

**A. The Related Actions Should Be Consolidated**

Under the PSLRA, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, and any party has sought to consolidate

those actions for pretrial purposes or for trial, the court shall not make the determination [regarding the appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, there are two related securities class actions asserting claims under the federal securities laws on behalf of investors. Rule 42(a) permits consolidation where "actions before the court involve common questions of law or fact." Fed. R. Civ. P. 42(a). Because these cases arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Kornfield v. Opteum, Inc.,* No. 07-cv-14278, 2008 WL11408525, at *2 (S.D. Fla. Sept. 29, 2008).

### B. Mr. Carlson Is the "Most Adequate Plaintiff" and Should be Appointed Lead Plaintiff

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (*i.e.*, today, July 10 2023), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides that the court shall adopt a presumption that the "most adequate plaintiff" in any private action arising under this Act is the person or group of persons that "(aa) has either filed the complaint or made a motion in response to a notice …; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Steppacher v. Alfi, Inc.*, 2022 WL 1115049, at *2-3 (S.D. Fla. Apr. 13, 2022)

4

(quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

Mr. Carlson satisfies each of these requirements; the Court should therefore appoint him as Lead Plaintiff.

### 1. The Motion Is Timely.

The statutorily required notice of this action was published on May 11, 2023, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; and (3) the right to move the Court to be appointed as lead plaintiff by July 10, 2023. *See* Ex. A to the Declaration of Chris Gold (the "Gold Decl.").

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Mr. Carlson timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the Class. Mr. Carlson has signed a certification pursuant to the PSLRA. *See id.*, Ex. B. Mr. Carlson has selected and retained qualified counsel to represent him and the proposed Class. *See id.*, Exs. D & E. Accordingly, Mr. Carlson is entitled to have his application for appointment as Lead Plaintiff and selection of Lead Counsel and Liaison Counsel considered and approved by the Court.

### 2. Mr. Carlson Has a Substantial Financial Interest in the Relief Sought by the Class.

Mr. Carlson should be appointed Lead Plaintiff because he believes that he has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As demonstrated by the accompanying PSLRA Certification and loss calculation, Mr. Carlson sustained a loss of approximately $1,100,055 on his Class Period purchases of shares of Icahn Enterprises shares. *See* Gold Decl., Exs. B & C. To the best of Mr. Carlson's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the

litigation. Accordingly, Mr. Carlson has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3. Mr. Carlson Otherwise Satisfies Rule 23.

In addition to possessing a significant financial interest, a presumptive lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as lead plaintiff, a movant need only make a "preliminary showing" that they satisfy Rule 23's typicality and adequacy requirements. *Mulvaney v. Geo Grp., Inc.*, 2016 WL 10519276, at \*2 (S.D. Fla. Nov. 21, 2016) ("[A]t the lead plaintiff selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate."). Here, Mr. Carlson unquestionably satisfies both requirements.

Mr. Carlson asserts claims that are typical of the claims of other members of the Class. Typicality is satisfied when the representative party's claims share "the same essential characteristics as the claims of the class at large." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 n.14 (11th Cir. 2000) (emphasis, quotation marks, and citation omitted). Like all other Class members, Mr. Carlson (i) purchased Icahn Enterprises securities during the Class Period, (ii) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (iii) was damaged as a result. *See Edward J. Goodman Life Income Tr. v. Jabil Cir., Inc.*, 2007 WL 170556, at \*3 (M.D. Fla. Jan. 18, 2007) (typicality satisfied where members of proposed lead plaintiff group "purchased Jabil shares during the class period in reliance on allegedly false and misleading statements issued by Defendants and suffered financial losses allegedly due to Defendants' conduct"). Accordingly, because Mr. Carlson's claims are

based on the same legal theories and arise from the same events and course of conduct as the claims of the putative Class, they satisfy Rule 23(a)(3)'s typicality requirement.

Mr. Carlson likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). For the Class's interests to be fairly and adequately represented, a lead plaintiff must demonstrate that: "'(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Luczak v. Nat'l Beverage Corp.*, 2018 WL 9847842, at \*2 (S.D. Fla. Oct. 12, 2018) (citation omitted). Mr. Carlson satisfies these elements because his substantial financial stake in the litigation provides the ability and incentive to vigorously represent all of the Class's claims. Moreover, there are no facts to suggest any actual or potential conflict of interest between Mr. Carlson and other Class members. Indeed, his interests are perfectly aligned with those of the Class.

Finally, Mr. Carlson has further demonstrated his adequacy through his selection of Block & Leviton as proposed Lead Counsel and Edelsberg Law as proposed Liaison Counsel to represent the Class in this action. As discussed more fully below, Block & Leviton is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively. Thus, as demonstrated herein, Mr. Carlson satisfies the requirements of Rule 23.

**C.  The Court Should Approve Mr. Carlson's Selection of Block & Leviton LLP as Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with

lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Mr. Carlson has selected Block & Leviton LLP as Lead Counsel, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as lead counsel. *See* Gold Decl., Ex. D. As recently noted by a district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation,* (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.*, (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation* (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.* No. 3:17-cv-07173-FLW-LHG (D.N.J.) (ECF No. 21). Likewise, Mr. Carlson has selected highly experienced Liaison Counsel in Edelsberg Law. *See* Gold Decl., Ex. E.

Accordingly, the Court should approve Mr. Carlson's selection of Block & Leviton as Lead Counsel and Edelsberg Law as Liaison Counsel.

## CONCLUSION

For the foregoing reasons, Mr. Carlson respectfully requests that the Court issue an Order (1) consolidating the related actions; (2) appointing Mr. Carlson as Lead Plaintiff; and (3) approving Mr. Carlson's selection of Block & Leviton LLP as Lead Counsel and Edelsberg Law, P.A. as Liaison Counsel.

Dated: July 10, 2023

Respectfully submitted,

*/s/ Chris Gold*
Chris Gold, Esq.
Florida Bar No. 088733
chris@edelsberglaw.com

8

**EDELSBERG LAW, P.A.**
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
(786) 673-2405 phone

Scott Edelsberg, Esq.
Florida Bar No. 0108039
scott@edelsberglaw.com
**EDELSBERG LAW, P.A.**
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
(305) 975-3320 phone

*Liaison Counsel for Movant Jason Carlson*
*and Proposed Liaison Counsel for the Class*

AND

**BLOCK & LEVITON LLP**
Jeffrey C. Block, Esq. (*pro hac vice to be filed*)
Jacob Walker, Esq. (*pro hac vice to be filed*)
260 Franklin Street, Suite 1860
Boston, MA 02110
jeff@blockleviton.com
jake@blockleviton.com
(617) 398-5600 phone
(617) 507-6020 fax

*Counsel for Movant Jason Carlson and*
*Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this on the 10th day of July, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *Chris Gold*
Chris Gold
