## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| OSANEME OKARO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ICAHN ENTERPRISES L.P., CARL C. ICAHN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO, <br><br> Defendants. | Case No. 1:23-cv-21773 |
| MICHAEL LEVINE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> ICAHN ENTERPRISES L.P., CARL C. ICAHN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO, <br><br> Defendants. | Case No. 1:23-cv-22009 |

**MOTION OF PHILIP KOSOWSKY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND INCORPORATED MEMORANDUM OF LAW**

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT..............................................................................................1

II.   PROCEDURAL HISTORY....................................................................................................2

III.  STATEMENT OF FACTS .....................................................................................................3

IV.  ARGUMENT .........................................................................................................................5

     A.   THE ACTIONS SHOULD BE CONSOLIDATED...................................................5

     B.   KOSOWSKY SHOULD BE APPOINTED LEAD PLAINTIFF...............................5

        1.   Applicable Legal Standard.............................................................................5

        2.   Kosowsky Has the Largest Financial Interest in the Relief Sought by the Class ...........7

        3.   Kosowsky is Qualified Under Rule 23........................................................7

            a.   Kosowsky's Claims Are Typical of the Claims of the Class ...........................8

            b.   Kosowsky Will Fairly and Adequately Represent the Interests of the Class .............9

     C.   The Court Should Approve Kosowsky's Choice of Counsel......................................9

V.   CONCLUSION....................................................................................................................12

## TABLE OF AUTHORITIES

*Brustein v. Lampert*,
Case No. 04-61159-CIV-LENARD/KLEIN, 2005 U.S. Dist. LEXIS 51106
(S.D. Fla. June 15, 2005) ............................................................................................... 8

*In re Carnival Corp. Secs. Litig.*,
No. 1:20-cv-22202-KMM, 2020 U.S. Dist. LEXIS 205773 (S.D. Fla. Oct. 30, 2020) ............ 5

*In re Cendant Corp. Sec. Litig.*,
109 F. Supp. 2d 235 (D.N.J. 2000) ......................................................................... 10

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................. 8

*In re Sunbeam Sec. Litig.*,
176 F. Supp. 2d 1323 (S.D. Fla. 2001) ................................................................... 11

*In re WorldCom, Inc. Sec. Litig.*,
Master File No. 02 Civ. 3288 (DLC), 2004 U.S. Dist. LEXIS 22992 (S.D.N.Y. Nov. 12,
2004) ........................................................................................................................ 10

*Miller v. Dyadic Int'l, Inc.*,
Case No. 07-80948-CIV-DIMITROULEAS, 2008 U.S. Dist. LEXIS 32271 (S.D. Fla. Apr.
18, 2008) ................................................................................................................... 9

*Nghiem Tran v. Erba Diagnostics*, *Inc.*, No. 15-cv-24440, 2005 U.S. Dist. LEXIS
51106 (S.D. Fla. June 15, 2016) ............................................................................... 8

*Piven v. Sykes Enters.*,
137 F. Supp. 2d 1295 (M.D. Fla. 2000) ................................................................... 8

*Thorpe v. Walter Inv. Mgmt., Corp.*,
No. 1:14-cv-20880-UU, 2016 U.S. Dist. LEXIS 33637 (S.D. Fla. Mar. 16, 2016) ................. 8

*Yeager's Fuel ex rel. Prado v. Pa. Power & Light Co.* ,
22 F.3d 1260 (3d Cir. 1994) ..................................................................................... 8

**STATUTES**

15 U.S.C. § 10(b) ...................................................................................................... 2

15 U.S.C. § 20(a) ...................................................................................................... 2

15 U.S.C. § 21D ...................................................................................................... 5, 6

15 U.S.C. § 78u-4(a)(3) ................................................................................... *passim*

**RULES**

Fed. R. Civ. P. 23(a)(1)(2)(3)(4) ........................................................................................... *passim*

Philip Kosowsky ( "Kosowsky") respectfully moves, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) consolidating related cases; (2) appointing Kosowsky as Lead Plaintiff on behalf of a class ("Class") consisting of persons and entities that purchased or otherwise acquired Icahn Enterprises L.P. ("Icahn Enterprises" or "IEP") securities between August 2, 2018 and May 9, 2023, inclusive; and (3) approving proposed Lead Plaintiff's selection of Barrack Rodos & Bacine as Lead Counsel for the Class.

## I.    PRELIMINARY STATEMENT

As alleged in both the first filed complaint, *Okaro* v. *Icahn Enterprises, L.P., et al.*, Case No. 1:23-cv-21773 (the "*Okaro* Action"), filed herewith as Exhibit 1 to the Declaration of Samuel M. Ward ("Ward Decl.") and the second filed complaint, *Levine v.* v. *Icahn Enterprises, L.P., et al.*, Case No. 1:23-cv-22009 (the "*Levine* Action"), filed herewith as Exhibit 2 to the Ward Decl. (collectively "the Actions"), defendants Icahn Enterprises, Carl C. Icahn ("Icahn"), David Willetts, Ted Papapostolou, Keith Cozza, and Sunghwan Cho ("Defendants") violated the Exchange Act by issuing and/or causing to be issued false and/or misleading public statements. Investors in securities issued by IEP, including Kosowsky, were damaged as a result of Defendants' alleged violations of the federal securities laws.

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, where actions arise from the same core facts, consolidation of the actions is appropriate. Moreover, consolidation of such actions is a prerequisite to the appointment of a lead plaintiff and approval of lead counsel.

Pursuant to the PSLRA, the court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Actions and that makes

1

a *prima facie* showing that the lead plaintiff satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth in detail below, Kosowsky satisfies all of the requirements for appointment as Lead Plaintiff under the PSLRA. As required by the statute, this motion is filed within sixty days of publication of the notice of the first filed action. 15 U.S.C. §78u-4(a)(3)(A). Kosowsky asserts that he has the largest financial interest in the outcome of the litigation. *See* Schedule A to the Certification of Philip Kosowsky, attached as Exhibit 3 to the Ward Decl. In addition, Kosowsky qualifies as the "most adequate" plaintiff to serve as lead plaintiff in the Actions because he satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, as required by the statute. 15 U.S.C. §78u-4(a)(3)(B).

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Actions on behalf of the Class, Kosowsky has selected Barrack Rodos & Bacine ("Barrack") as Lead Counsel for the Class.  The Barrack firm's attorneys are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume, filed herewith as Exhibit 2 to the Ward Declaration.

Accordingly, Kosowsky hereby moves that the Actions be consolidated, that he should be appointed as Lead Plaintiff in this matter, and that the Court should approve his selection of Barrack to serve as Lead Counsel to represent the Class.

## II.      PROCEDURAL HISTORY

Presently pending in the United States District Court for the Southern District of Florida are two securities fraud class action complaints, *Osaneme Okaro v. Icahn Enterprises L.P., et al.*, Case No. 1:23-cv-21773, filed on May 11, 2023, and *Levine v.* v *Icahn Enterprises, L.P., et al.*,

2

Case No. 1:23-cv-22009. Both of the Actions allege violations of federal securities laws between August 2, 2018 and May 9, 2023, inclusive, and both Actions name the same Defendants.

As alleged in the Actions, IEP and the individual defendants violated Section 10(b) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder, and Section 20(a) of the Exchange Act by issuing, or causing to be issued, materially false and/or misleading public statements.

The PSLRA requires prompt publication of notice advising class members of their right to move within sixty days of publication to be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). On May 11, 2023, the plaintiff in the *Okaro* Action published notice on Business Wire, Inc. *See* Exhibit 3 to the Ward Decl. This notice advised class members of the existence of the action, described the claims asserted, and advised class members of their right to file a motion for appointment as lead plaintiff no later than July 10, 2023. Accordingly, this motion is timely filed.

## III.     STATEMENT OF FACTS

As alleged in the Complaint filed in the *Okaro* Action, the Class's claims arise out of, *inter alia*, statements issued, or caused to be issued, by Defendants that were materially false and/or misleading, and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, it alleges that Defendants failed to disclose to investors that: (1) Icahn Enterprises was inflating its net asset value; (2) the Company was using money taken in from new investors to pay out dividends to old investors; (3) as a result, the Company would become the subject of criminal and/or regulatory scrutiny; and (4) as a further result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

Icahn Enterprises is a master limited partnership holding company owning subsidiaries engaged in the following operating businesses: Investment, Energy, Automotive, Food Packaging, Real Estate, Home Fashion and Pharma. Defendant Icahn and his affiliates owned approximately 85% of Icahn Enterprises' outstanding depositary units as of December 31, 2022.

On May 2, 2023, Hindenburg Research published a report stating, among other things, that Icahn Enterprises' "last reported indicative year-end [net asset value] of $5.6 billion is inflated by at least 22%." The report also claimed that the Company operates a "ponzi-like economic structure" and "has been using money taken in from new investors to pay out dividends to old investors."

On this news, Icahn Enterprises' share price fell $10.06 per share, or 20%, to close at $40.36 per share on May 2, 2023.

Then, on May 10, 2023, before the market opened, Icahn Enterprises filed its Quarterly Report on Form 10-Q with the SEC for the period ended March 31, 2023. Therein, the Company stated that the U.S. Attorney's Office for the Southern District of New York contacted Icahn Enterprises on May 3, 2023, seeking production of information relating to the Company and certain of its affiliates' "corporate governance, capitalization, securities offerings, dividends, valuation, marketing materials, due diligence and other materials." The Company stated that it is "cooperating with the request" and is "providing documents in response to the voluntary request for information."

On this news, Icahn Enterprises' share price fell $5.75 per share, or 15.1%, to close at $32.22 per share on May 10, 2023.[1]

---

[1] The foregoing allegations are included in the complaint filed in the *Okaro* Action at ¶¶ 3-7.

## IV.    ARGUMENT

### A.    THE ACTIONS SHOULD BE CONSOLIDATED

Consolidation is appropriate pursuant to Fed. R. Civ. P. Rule 42(a) because both of the Actions raise common issues of fact and law.  The claims in both complaints arise from the same core facts relating to statements made by Defendants in filings with the SEC, press releases, and conference calls. The consolidation of similar securities class actions is also a prerequisite to the appointment of lead plaintiff, and is routinely done in these types of cases. *See, e.g. In re Carnival Corp. Secs. Litig.*, Case No. 1:20-cv-22202-KMM, 2020 U.S. Dist. LEXIS 205773 (S.D. Fla. Oct. 30, 2020) (where a party moves for consolidation, "the Court must determine whether consolidation is appropriate before appointing a lead plaintiff").

Absent consolidation, the simultaneous litigation of these actions before different judges will create the unnecessary risk of duplication of efforts, inconsistent adjudication, and waste of judicial resources.  Therefore, Kosowsky seeks an order consolidating the *Okaro* Action and the *Levine* Action and any later-filed actions relating to the same core of operative facts and issues with the first-filed action.

### B.    KOSOWSKY SHOULD BE APPOINTED LEAD PLAINTIFF

#### 1.    Applicable Legal Standard

The PSLRA sets forth the procedure for the selection of lead plaintiff to oversee class actions brought under the federal securities laws. 15 U.S.C. §78u-4(a)(3). Section 21D(a)(3)(A)(i) of the PSLRA provides that within sixty days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class:

5

> (i)　　of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (ii)　　that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, Section 21D(a)(3)(B)(i) directs the Court to consider any motions brought by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice by not later than sixty-days after the date of publication, or as soon as practicable after this Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. Under this provision, the Court "shall" appoint the "most adequate plaintiff" to serve as lead plaintiff and shall presume that the "most adequate plaintiff" is the person, or group of persons, that:

> (aa)　　has either filed the complaint or made a motion in response to a notice…;
>
> (bb)　　in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)　　otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

On May 11, 2023, counsel for the plaintiff in the *Okaro* Action caused the statutorily required Notice of the action to be published over Business Wire, Inc., pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that the *Okaro* Action had been filed against Defendants and advised investors in IEP securities that they had until July 10, 2023—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. See Ward Decl., Ex. 5. Kosowsky has filed the instant motion pursuant to the Notice, and has attached a sworn Certification attesting that he is willing to serve as representatives for the Class, and to provide testimony at deposition and trial, if necessary. See *id.*, Ex. 3. Accordingly, Kosowsky satisfies the first requirement to serve as Lead Plaintiff on behalf of the Class. As demonstrated below, Kosowsky also satisfies the requirements of subsections (bb) and (cc).

**2.      Kosowsky Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA provides that district courts:

> [S]hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff").

15 U.S.C. § 78u-4(a)(3)(B)(i). Moreover, the statute requires that courts adopt a rebuttable presumption that:

> [T]he most adequate plaintiff in any private action arising under this chapter is the person or group of persons that…. in the determination of the court, has the largest financial interest in the relief sought by the class…

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

During the relevant period, Kosowsky purchased IEP securities at artificially inflated prices and suffered losses on those purchases. *See* Schedule A to the Kosowsky Certification, Ex. 3 to the Ward Decl. During the Class Period, Kosowsky purchased a total of 304,718 shares, expending $16,652,653, for net purchases of 185,718 shares. As a result of his Class Period purchases, Kosowsky suffered losses of $3,249,179 on a first-in-first-out (FIFO") basis and $2,974,111 on a last-in-first-out ("LIFO") basis. *Id.* Kosowsky believes that he has the largest financial interest in the outcome of this litigation and, therefore, is presumptively entitled to appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

**3.      Kosowsky is Qualified Under Rule 23**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." With respect to the qualifications of a class representative, Rule 23(a) requires generally that his/her claims be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class. As demonstrated herein, Kosowsky satisfies the typicality and adequacy requirements of Rule 23(a), and is qualified to be appointed lead plaintiff.

In making its determination that Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Brustein v. Lampert*, No. 04-61159-CIV-LENARD/KLEIN, 2005 U.S. Dist. LEXIS 51106, at *14 (S.D. Fla. June 15, 2005); *Nghiem Tran v. Erba Diagnostics, Inc.*, No. 15-cv-24440-COOKE/TORRES, 2016 U.S. Dist. LEXIS 186864, at *3 (S.D. Fla. Apr. 8, 2016). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Thorpe v. Walter Inv. Mgmt., Corp.*, No. 1:14-cv-20880-UU, 2016 U.S. Dist. LEXIS 33637, at *18 (S.D. Fla. Mar. 16, 2016).

### a. Kosowsky's Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Prado-Steinman ex rel. Prado v. Bush*, 22 F.3d 1266, 1279 (11th Cir. 2000); *Piven v. Sykes Enters.*, 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000) (same). The legal and factual bases for Kosowsky's claims are typical of the following issues applicable to all members of the class:

(a)   Whether Defendants' actions violated the federal securities laws;

(b)   Whether Defendants caused IEP to issue false and misleading statements during the Class Period;

(c)   Whether Defendants' conduct caused the market price of IEP stock to be artificially inflated during the Class Period; and

(d)   Whether the members of the class have sustained damages and, if so, the proper measure of those damages.

Thus, there is a well-defined community of interest in the questions of law and fact involved in this case, and Kosowsky's claims are typical of the claims of the members of the

proposed class. Kosowsky, like all of the members of the proposed Class, claims to have acquired IEP stock at prices artificially inflated by Defendants' false and misleading misrepresentations and omissions and was damaged thereby.

### b. Kosowsky Will Fairly and Adequately Represent the Interests of the Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Class representatives must also have "sufficient interest in the outcome of the litigation to ensure vigorous advocacy." *Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV-DIMITROULEAS, 2008 U.S. Dist. LEXIS 32271, at *19 (S.D. Fla. Apr. 18, 2008) (quoting *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253 (S.D.N.Y. 2003)).

Kosowsky is an adequate representative of the Class.  Kosowsky has submitted a signed Certification declaring his commitment to protect the interests of the Class.  *See* Ward Decl. Ex. 3. There is no evidence of antagonism or conflict between his interests and those of the Class, nor is Kosowsky aware of any unique defenses Defendants could raise that would render him an inadequate representative of the proposed Class. Moreover,  Kosowsky's significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy. Kosowsky has also retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his selection of Barrack as Lead Counsel to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Accordingly, Kosowsky should be appointed as Lead Plaintiff for the Class.

### C.     The Court Should Approve Kosowsky's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to Court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."

15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). In this case, Kosowsky has selected and retained the law firm of Barrack, Rodos & Bacine to serve as Lead Counsel for the Class.

Barrack, Rodos & Bacine has extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See generally* Ward Decl. Ex. 4. Barrack, Rodos & Bacine has been appointed as lead counsel in dozens of securities class actions, including more than fifty filed since passage of the PSLRA. Barrack, Rodos & Bacine served as a lead counsel in *In re Cendant Corp. Sec. Litig.*, 109 F. Supp. 2d 235 (D.N.J. 2000), which settled for more than $3.32 billion, including the largest recovery ever achieved from an outside accounting firm in a securities class action. *See also In re Cendant Corporation Sec. Litig.,* Case No. 98-1664-WHW (D.N.J.), ("we have all been favored with counsel of the highest competence and integrity and fortunately savvy in the ways of the law and the market"). Ward Decl. Ex. 4 at 24.

Barrack, Rodos & Bacine also served as a lead counsel for the New York State Common Retirement Fund in *In re WorldCom, Inc. Sec. Litig.*, Master File No. 02-Civ-3288 (DLC) (S.D.N.Y.), which settled for more than $6.1 billion. In Judge Cote's opinion approving part of the settlement in *WorldCom*, she stated that:

> The quality of the representation given by Lead Counsel is unsurpassed in this Court's experience with plaintiffs' counsel in securities litigation. Lead Counsel has been energetic and creative. Its skill has matched that of able and well-funded defense counsel. It has behaved professionally and has taken care not to burden the Court or other parties with needless disputes. . .. The submissions of Lead Counsel to the Court have been written with care and have repeatedly been of great assistance. In sum, the quality of representation that Lead Counsel has provided to the class has been superb…. Lead Counsel has performed a valuable public service in prosecuting this action with vigor and skill.

*In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2004 U.S. Dist. LEXIS 22992, at *67-*68, *72-*73 (S.D.N.Y. Nov. 12, 2004).

In *In re Sunbeam Securities Litigation*, Case No. 98-8258-Civ-Middlebrooks (S.D. Fla.), Barrack Rodos & Bacine served as lead counsel. While the case could not be prosecuted against Sunbeam itself due to its bankruptcy filing, Barrack nonetheless secured settlements totaling more than $140 million, including a then record breaking settlement with Arthur Anderson of $110

million and one of the largest individual defendant securities settlements ($15 million) from Sunbeam's former chief executive officer, Albert J. "Chainsaw Al" Dunlap. In *Sunbeam*, Judge Middlebrook acknowledged that "Barrack, Rodos & Bacine is recognized nationally to be a leading and skillful practitioner in the field of complex class actions ...." *In In re Sunbeam Securities Litigation*, 176 F. Supp. 2d 1323, 1334 (S. D. Fla. 2001) (*citing Ressler v. Jacobson*, 149 F.R.D. 651, 654 (M.D. Fla. 1992)).

In 2015, in *In re American International Group, Inc. 2008 Sec. Litig.*, No. 08-cv-4772-LTS (S.D.N.Y.), in which Barrack was a lead counsel representing the State of Michigan Retirement Systems, the firm recovered $970.5 million on behalf of class members, which was found by the court to be an "outstanding result obtained on behalf of the settlement class." The firm was also a lead counsel in *In re McKesson HBOC, Inc. Securities Litigation*, Master File No. CV-99-20743 RMW (N.D. Cal.), which settled for more than $1 billion.

And in *In re Apollo Group, Inc. Sec. Litig.*, Case No. CV 04-2147-PHX-JAT (D. Az.), the firm tried the action to a favorable jury verdict and ultimately recovered $145 million for the class. Attorneys Stephen R. Basser, Jeffrey A. Barrack, and Samuel M. Ward composed the firm's trial team for the duration of the jury trial coursing from November 7, 2007 through January 16, 2008. Immediately after the jury rendered its unanimous verdict in favor of the plaintiff class, the court commented that trial counsel:

> brought to this courtroom just extraordinary talent and preparation. . . .. The technical preparation, the preparation for your examination and cross-examination of witnesses has been evident in every single instance. The preparation for evidentiary objections and responses to those objections have been thorough and foresighted. The arguments that have been made in every instance have been well-prepared and well-presented throughout the case. *** Likewise, for the professionalism and the civility that you -- and the integrity that you have all demonstrated and exuded throughout the handling of this case, it has just, I think, been very, very refreshing and rewarding to see that. *** [W]hat I have seen has just been truly exemplary.

Ward Decl. Ex. 4 at 22.

11

Thus, there can be no question that Barrack, Rodos & Bacine is a highly experienced, successful securities fraud class action firm with the resources and ability to serve as Lead Counsel in this litigation.[2]

## REQUEST FOR HEARING

Pursuant to Local Civil Rule 7.1(b)(2), Kosowsky respectfully requests that a hearing be held in the event that multiple motions for appointment of lead plaintiff and selection of lead counsel are filed. Such motions often present complex issues regarding the nature of losses and the structure and membership of proposed lead plaintiff groups, which are best address through oral argument.

## CERTIFICATE REGARDING GOOD FAITH CONFERENCE

Pursuant to Local Civil Rule 7.1(a)(3), counsel for Kosowsky states that they could not confer with counsel for any competing movants prior to filing the instant motion. The statutory framework of the PSLRA requires all motions seeking Lead Plaintiff appointment to be filed within 60 days of the publication of the notice of pendency of the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). No such motions were filed meaningfully in advance of Kosowsky's motion, and it was not possible to confer with counsel for the other movants to determine whether the instant motion would be opposed or to attempt to resolve the issues raised by the motion.

## V.    CONCLUSION

For the foregoing reasons, Kosowsky respectfully requests that the Court issue an Order: (1) consolidating the Actions; (2) appointing Kosowsky as Lead Plaintiff for the Class; and (3) approving his selection of Barrack Rodos & Bacine as Lead Counsel for the Class. A [Proposed]

---

[2] The highly regarded Moskowitz Law Firm, located in Miami, Florida, has been asked by Barrack Rodos & Bacine to serve as local counsel in this action.

Order Consolidating Related Actions, Appointed Lead Plaintiff, and Approving Selection of Lead

Counsel, is attached hereto as Exhibit B.

Dated: July 10, 2023

Respectfully submitted,

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Howard M. Bushman
Florida Bar No. 0364230
Barbara C. Lewis
Florida Bar No. 118114
THE MOSKOWITZ LAW FIRM, PLLC
Continental Plaza
3250 Mary Street,Suite 202
Miami, FL 33133
Telephone: (305) 740-1423
adam@moskowitz-law.com
howard@moskowitz-law.com
barbara@moskowitz-law.com

**-and-**

Jeffrey A. Barrack (*Pro Hac Vice* to be filed)
BARRACK, RODOS & BACINE
Two Commerce Square
2001 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone: (215) 963–0600
Facsimile: (215) 963–0838
jbarrack@barrack.com

**-and-**

Stephen R. Basser (*Pro Hac Vice* to be filed)
Samuel M. Ward (*Pro Hac Vice* to be filed)
BARRACK, RODOS & BACINE
600 West Broadway, Suite 900
San Diego, CA  92101
Telephone:  (619) 230-0800
Facsimile: (619) 230-1874
sbasser@barrack.com
sward@barrack.com
*Counsel for Philip Kosowsky and Proposed*
*Lead Counsel for the Class*