**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| OSANEME OKARO, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:23-cv-21773-KMM-LFL |
| Plaintiff, | |
| v. | |
| ICAHN ENTERPRISES L.P., CARL C. ICAHN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO, | |
| Defendants. | |
| MICHAEL LEVINE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:23-cv-22009-RKA-LMR |
| Plaintiff, | |
| v. | |
| ICAHN ENTERPRISES L.P., CARL C. ICAHN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO, | |
| Defendants. | |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JOHN HAWORTH AND JAMES GILLESPIE FOR CONSOLIDATION OF RELATED ACTIONS, <u>APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL</u>**

John Haworth and James Gillespie (collectively "Movants") hereby do respectfully move for an Order: (1) consolidating the related actions; (2) appointing Movants as Lead Plaintiff; (3) approving the Movants' selection of Hagens Berman Sobol Shapiro LLP to serve as Lead Counsel and Maderal Byrne & Furst PLLC to serve as Liaison Counsel; and (4) granting such other and further relief as the Court may deem just and proper. In support of this Motion, the undersigned submits the below memorandum and attached exhibits, along with a Proposed Order.

## MEMORANDUM OF LAW

### I.   INTRODUCTION

Presently pending before this Court are securities class actions brought on behalf of investors who purchased or otherwise acquired Icahn Enterprises L.P. ("Icahn Enterprises" or the "Company") securities seeking to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5 against the Company and certain of its senior executives. The above-captioned cases are brought on behalf of investors (the "Class") who purchased or otherwise acquired Icahn securities between August 2, 2018, and May 9, 2023, inclusive (the "Class Period").

The actions allege that Defendants made false and misleading statements and omissions about the Company's business, operations, and prospects. Specifically, Defendants misrepresented and concealed: (1) that Icahn Enterprises was inflating its net asset value; (2) that the Company was using money taken in from new investors to pay out dividends to old investors; and (3) that, as a result, the Company would become the subject of criminal and/or regulatory scrutiny.

Proposed lead plaintiffs John Haworth ("Mr. Haworth") and James Gillespie ("Mr. Gillespie") (collectively, "Movants") now hereby move this Court for an order: (i) consolidating the above-captioned related actions; (ii) appointing Movants as Lead Plaintiff, and (iii) approving

Movant's selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") to serve as Lead Counsel and Maderal Byrne & Furst PLLC to serve as Liaison Counsel; and (iv) granting any such further relief as the Court may deem just and proper.

The portion of this motion to consolidate is made on the grounds that the Related Actions arise from the same operative facts, name identical defendants, and are appropriate for consolidation.

The portion of this motion for appointment as Lead Plaintiff is made on the grounds that Movants are the most adequate plaintiff, as defined by the PSLRA. The PSLRA provides that the "most adequate plaintiff" is to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, the most adequate plaintiff is the movant who has the "largest financial interest" in the relief sought by the Class in this litigation and that also makes a *prima facie* showing that the Movant is a typical and adequate class representative under Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Movants are the "most adequate plaintiff" by virtue of, among other things, their collective losses of $2,256,775.64 incurred on purchases of Icahn securities during the Class Period.

In addition to asserting the largest financial interest, Movants readily satisfy the relevant requirements of Rule 23 because Movants' claims are typical of those of all members of the Class and Movants will fairly and adequately represent the interests of the Class. In fact, Movants are the ideal Lead Plaintiff under the PSLRA because Movants – who had a pre-existing business relationship prior to retaining counsel and moving for lead plaintiff – are sophisticated investors with a substantial financial interest in the litigation. Ex. D at ¶ 3, 4. In addition, as set forth in greater detail in their Joint Declaration submitted herewith, Movants fully understand the Lead

Plaintiff's obligations to the Class under the PSLRA, and are committed to fulfilling those responsibilities to guarantee zealous prosecution of this action. *Id*. at ¶¶ 2, 7.

Movants have further demonstrated their adequacy through their selection of Hagens Berman as Lead Counsel for the Class. Hagens Berman has an established track record of achieving substantial recoveries for the benefit of investors and is qualified to prosecute this action.

Based on Movants' financial interest in the outcome of this action, Movants' commitment to act in the best interests of the Class to maximize the recovery in this case, and Movants' ability to oversee counsel, Movants respectfully request that the Court appoint Movants as Lead Plaintiff and otherwise grant Movants' Motion.

## II.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

Federal Rule of Civil Procedure 42(a) states: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

In *Hendrix v. Raybestos–Manhattan, Inc*., the Eleventh Circuit noted that Rule 42 "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" 776 F.2d 1492, 1495 (11th Cir.1985) (quoting *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1012 (5th Cir.1977)).  In determining whether to employ the consolidation provisions of Rule 42(a), the trial court must assess:

> [W]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to

> conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix*, 776 F.2d at 1495.

Here, the Related Actions present virtually identical factual and legal issues, assert identical claims under the securities laws, and name the same defendants. Because these Related Actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate here.

**B.     Movants are the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff.**

**1.     The Procedure Required by the PSLRA.**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *Newman v. Eagle Building Technologies*, 209 F.R.D. 499, 502 (S.D. Fla. 2002).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff here caused the first notice regarding the pendency of the Action to be published on *Business Wire*, a national, business-oriented newswire service, on May 11, 2023. *See* Ex. C. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing

the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under [the Securities Act] is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *Newman,* 209 F.R.D. at 502 (describing PSLRA standards for appointment of lead plaintiff).

      **2.**      **Movants Satisfy the "Lead Plaintiff" Requirements of the PSLRA.**

      **a.**      **Movants Have Timely Filed a Lead Plaintiff Motion.**

According to the published notice, the time period in which class members may move to be appointed lead plaintiff herein under the PSLRA expires on July 10, 2023. *See* 15 U.S.C. § 78u-4(a)(3)(A) & (B); Ex. C. Pursuant to the provisions of the PSLRA, and within the requisite timeframe after publication of the required notice (published on May 11, 2023), Movants timely move this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Movants have duly signed certifications stating that each member is willing to serve as the representative party on behalf of the class. *See* Ex. A. In addition, Movants have submitted a Joint Declaration attesting that they have conferred about the motion, understand their responsibilities as Lead Plaintiff, and wish to pursue this motion jointly for the benefit of the class. *See* Ex. D. Finally, Movants have selected and retained competent counsel to represent them and the class.

Exs. E, F. Accordingly, Movants are entitled to have their application for appointment as Lead Plaintiff considered and approved by the Court.

### b. Movants Have the Largest Financial Interest in the Relief Sought by the Class.

During the Class Period, as evidenced by, among other things, the accompanying signed Certification and loss charts, *see* Exs. A, B, Movants incurred combined losses of approximately $2,556,775.64 on Class Period transactions in Icahn securities in reliance upon the materially false and misleading statements issued by defendants. Upon information and belief, no other investor possesses a larger financial interest in this action. Accordingly, Movant satisfies the PSLRA's prerequisite of having a significant financial interest in the Action, and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### c. Movants Satisfy the Adequacy and Typicality Requirements.

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."

Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative, rather than the class as a whole. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the

lead plaintiff moves for class certification. *Mulvaney v. Geo Grp., Inc.,* 2016 WL 10519276, at *2 (S.D. Fla. Nov. 21, 2016) ("[A]t the lead plaintiff selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate."). Here, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying Movants' appointment as Lead Plaintiff in this action.

"The typicality requirement is satisfied where the 'named representatives'' claims share the same essential characteristics as the claims of the class at large." *Luczak v. Nat'l Beverage Corp.*, No. 0:18-CV-61631-KMM, 2018 WL 9847842, at *2 (S.D. Fla. Oct. 12, 2018) (Moore, J.) (quoting *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000)). "'A sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory.'" *Luczak*, 2018 WL 9847842, at *2. (quoting *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)). Movants, like all members of the class, allege that Defendants made false statements and omissions of material fact in violation of federal securities laws, and that Movants, like all members of the class, suffered damages as a result of these violations. Exs. A, D. Accordingly, Movants have made a prima facie showing of typicality. *Luczak*, 2018 WL 9847842, at *2.

To satisfy the adequacy requirement, a lead plaintiff movant must make a preliminary showing that "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Miller v. Dyadic Intern., Inc.*, No. 07–80948-CIV, 2008 WL 2465286, at *6 (S.D. Fla. Apr. 18, 2008).

Here, the Joint Declaration submitted by Movants demonstrates that the group is comprised of sophisticated investors with a longtime pre-existing relationship, who are extremely capable of representing the Class. Ex. D. Mr. Haworth has over 30 years of investing experience and is the owner and operator of a building supply company in La Grange, Texas. *See* Ex. D at ¶ 3. Mr. Gillespie has more than 30 years of investing experience and was the owner and operator of a door company in La Grange, Texas, before retiring in 2023. Mr. Gillespie holds a Bachelor of Arts degree in accounting. *Id.* at ¶ 4.

Movants have taken significant steps, which demonstrate that they will protect the interests of the class. After vetting counsel and having several conference calls and communications, Movants retained attorneys with extensive experience of class counsel in complex securities class action suits. Ex. D at ¶ 10; Ex. E, F. There is no indication that Movants "would have a particular conflict between [their] own interests and those of the class, generally," or that Movants' financial interest in the litigation would be insufficient to ensure vigorous advocacy. *Springer*, 2017 WL 838197, at *3; Ex. D at ¶ 13. Finally, there is no reason to believe that Movants "will not fairly and adequately protect the interests of the class or is subject to unique defenses" that would render Movant incapable of adequately representing the class. *Id*. Accordingly, Movants should be appointed lead plaintiff.

## C.    The Court May Properly Appoint Movants Together as a Group.

As demonstrated above and in their Joint Declaration, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby warranting their appointment as Lead Plaintiff as a group. *Newman*, 209 F.R.D. at 503-04 (holding that the PSLRA allows for a group of persons or entities to serve as lead plaintiff); *Carvelli v. Ocwen Fin. Corp.*, 2017 WL 11068524 (S.D. Fla. 2017) (affirming same); *In re 21st Century Holding Co Sec. Litig.*, 2007 WL 9220955 (S.D. Fla. 2007) ("When moving for lead plaintiff, aggregation of individual losses to form a small group is

acceptable and 'derives from the language of the PSLRA which states that the most adequate plaintiff is the 'person or group of persons.''… '[T]here is no requirement contained in the PSLRA that the group of persons serving as lead plaintiff have a relationship among themselves. Instead, the PSLRA focuses on whether the person or group that is the proposed lead plaintiff can fairly and adequately serve as lead plaintiff.'") (internal citations omitted).

Here, the Joint Declaration submitted by Movants in support of their motion describes their pre-existing business relationship, how each Movant has significant investment, their work and investment experience, and how each Movant suffered substantial losses from their investment in Icahn.[1]  Movants' Joint Declaration explains why they made the decision jointly and independent of counsel to seek appointment as lead plaintiff. Essentially, they concluded that it made sense to combine their collective decision-making and resources to ensure that the best interests of the class are protected.[2]  In addition, each Movant emphasized their commitment to working together and cohesively in the best interests of the class, and overseeing class counsel, and developed a decision-making structure.[3]

Alternatively, if the Court determines that a single plaintiff would be more appropriate in this action, each member of the group hereby moves to be appointed individually.

**D.      The Court Should Approve Movants' Choice of Counsel.**

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). In this regard, Movant has selected Hagens Berman, a firm with substantial experience in the

---

[1] *See* Ex. D.

[2] *See id.* at ¶ 10.

[3] *Id.*

prosecution of shareholder and securities class actions, to serve as Lead Counsel, and Maderal Byrne & Furst, also an experienced firm in that area as Liaison Counsel. *See* the respective firm resumes, Exs. E and F.

As such, the Court may be assured that, in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available. Because Movants' selection of counsel is reasonable, Movants' motion should be granted. *Luczak*, 2018 WL 9847842, at *2.

### III.   CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court: (a) consolidate the related actions; (b) appoint Movants as Lead Plaintiff in this action; (c) approve Movants' selection of Lead and Liaison Counsel as set forth herein; and (d) grant such other relief as the Court may deem just and proper.

### CERTIFICATE OF CONFERRAL

Local Rule 7.1(a)(3) requires a conference of counsel prior to filing motions.  Pursuant to the PSLRA, however, if any class member desires to be appointed lead plaintiff, the class member must file a motion within a certain period of time. U.S.C. § 78u-4(a)(3).  Thus, Movants are presently unaware of the other entities or persons who plan to move for appointment as lead plaintiff and will not know their identities until after all the movants have filed their respective motions.  Under these circumstances, Movants respectfully request that the conferral requirement of LR 7.1 be waived.

DATED: July 10, 2023          Respectfully submitted,

MADERAL BYRNE & FURST PLLC

By: **John R. Byrne**
    John R. Byrne (0126294)
Rachel Wagner Furst (45155)
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Telephone: (305) 520-5690
john@maderalbyrne.com
rachel@maderalbyrne.com

Reed R. Kathrein (262161)
Lucas E. Gilmore (*pro hac vice* forthcoming)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*

- 11 -