# Exhibit D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| OSANEME OKARO, Individually and on Behalf of All Others Similarly Situated, | Case No. 23-cv-21773-KMM-LFL |
| Plaintiff, | |
| v. | |
| ICAHN ENTERPRISES L.P., CARL C. ICAHN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO, | |
| Defendants. | |
| MICHAEL LEVINE, Individually and on Behalf of All Others Similarly Situated, | Case No. 23-cv-22009-RKA-LMR |
| Plaintiff, | |
| v. | |
| ICAHN ENTERPRISES L.P., CARL C. ICAHN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO, | |
| Defendants. | |

**JOINT DECLARATION OF JOHN HAWORTH AND JAMES GILLESPIE IN SUPPORT OF THEIR MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Movants John Haworth and James Gillespie (collectively, "we" or "Movants"), declare as follows:

1. We respectfully submit this joint declaration in support of our motion: (1) consolidating the Related Actions; (2) appointing Movants as Lead Plaintiff in the Related Actions; (3) approving Movants' selection of the law firm of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") to serve as Lead Counsel and Maderal Byrne & Furst PLLC to serve as Liaison Counsel for the class; and (4) granting such other and further relief as the Court may deem just and proper. We each have personal knowledge about the information in this Joint Declaration as to ourselves and, where applicable, the entities with which we are associated.

2. As set forth in greater detail below, we are informed of and understand the requirements of serving as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). We have each had multiple individual calls with counsel discussing the process. In addition, as described below, we have had two joint calls discussing the same.

3. I, John Haworth, make this declaration on my own behalf. I am 52 years of age. I reside in La Grange, Texas. I have approximately 30 years of experience managing my own investment portfolio. As set forth in the certification filed herewith, I purchased shares of Icahn Enterprises L.P. between August 2, 2018 and May 9, 2023 ("Class Period") and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action. Presently, I own and operate Texas Building & Roofing Supplies, Inc. ("TXBRS"), a business that offers metal building systems for commercial, industrial, agricultural and personal use, with offices located in La Grange, Marble Falls, and Gatesville, Texas. Through my efforts at TXBRS, I met and frequently worked with James Gillespie of Cross Door & Trim, Inc. purchasing and re-selling doors from his business. Mr. Gillespie and I have known each other

- 1 -

now for approximately 15 years. Prior to retaining Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as counsel and moving for lead plaintiff, I spoke via phone and communicated by email with attorney Lucas Gilmore of Hagens Berman about the allegations and claims in this case, the firm's investigation, the lead plaintiff process, the responsibilities of a lead plaintiff, and how the case would progress after a lead plaintiff is appointed. After discussing the responsibilities of serving as a lead plaintiff and being satisfied that Hagens Berman would adequately serve as lead counsel based on the firm's experience, resources, and past successes, I decided to retain Hagens Berman as counsel by signing a retainer agreement. After retaining Hagens Berman as counsel, I contacted Mr. Gillespie, who I knew had also purchased shares of Icahn Enterprises L.P. during the Class Period and suffered significant losses, and encouraged Mr. Gillespie to speak with Mr. Gilmore regarding his rights and potential remedies. Thereafter, I organized and participated in a conference call on July 1, 2023 introducing Mr. Gillespie to Mr. Gilmore. On the July 1 conference call, we discussed the facts and claims alleged in the case, the status of the firm's investigation, the lead plaintiff process, the responsibilities of a lead plaintiff, and how the case would progress after a lead plaintiff is appointed. We also discussed the prospect of Mr. Gillespie and I moving jointly for lead plaintiff. Subsequent to the July 1 conference call, Mr. Gillespie and I agreed to move as co-lead plaintiffs in this case.

4.  I, James Gillespie, make this declaration on my own behalf. I am 66 years of age. I reside in La Grange, Texas. I obtained a Bachelor of Arts degree in accounting from The University of Texas at Austin. At one time, I was also a Certified Public Accountant. I have over 30 years of investing experience. I am currently retired. Prior to selling the business in or around April 2023, I owned and operated Cross Door & Trim, Inc., a company located in La Grange, Texas that manufactures and sells doors. As noted above, I have worked with Mr. Haworth and

- 2 -

have known him for approximately 15 years. As set forth in the certification filed herewith, I purchased shares of Icahn Enterprises L.P. during the Class Period and suffered substantial losses. Prior to making these Class Period transactions, I spoke with Mr. Haworth about his investment experience with Icahn Enterprises L.P. and the dividends it offers. As also noted above, on July 1, 2023, at the suggestion of Mr. Haworth, I participated in a conference call with Mr. Gilmore and Mr. Haworth during which we discussed the subject matters as described above. After the call and having conducted some due diligence and being satisfied that Hagens Berman would adequately serve as lead counsel based on the firm's experience, resources, and past successes, I decided to retain Hagens Berman as counsel by signing a retainer agreement. Mr. Haworth and I also agreed to move as co-lead plaintiffs in this case.

5. As part of an effort to formalize our leadership over this litigation, and to begin implementing our strategy for jointly prosecuting this litigation as Lead Plaintiff, on July 8, 2023, we participated in another joint conference call with Mr. Gilmore, during which we discussed: our backgrounds and experience; our experience in investing in Icahn Enterprises L.P.; our respective losses arising from Defendants' alleged misconduct; the facts and the merits of the claims against Defendants and new developments; our interest in serving jointly as Lead Plaintiff, the benefits of working together jointly to prosecute the litigation in a collaborative and cohesive manner and the benefits we could provide to the Class; and the advantages of having a law firm experienced in successfully litigating securities class actions serve as Lead Counsel.

6. In addition, on the July 8 conference call, we discussed procedures and mechanisms for communication and decision-making that will ensure that the Class will benefit from our supervision of counsel. In particular, we discussed our intention to make all decisions jointly, taking into consideration proposed Lead Counsel's advice. We do not anticipate that any

- 3 -

disagreements between us will arise and are committed to making all efforts, in good faith, to reach consensus with respect to litigation decisions, and to that end will consult with our counsel as we deem necessary to fulfill our obligations to the Class. In the event that such a disagreement arises, we agree to resolve such disagreement through private mediation. We recognize that even in the event of such a disagreement, the ultimate decision will necessarily be informed by consulting one another and our counsel.

7.      In addition, we again discussed a Lead Plaintiff's obligation under the PSLRA to select Lead Counsel and to supervise the prosecution of the case to guarantee that it is prosecuted efficiently. Through supervision of proposed Lead Counsel, we will ensure that this action is prosecuted for the benefit of the Class in an efficient and effective manner. In order to achieve this result, we plan on consulting with each other and with counsel regarding the prosecution of this lawsuit via telephone, email, and videoconference. We also understand that some of these meetings may need to be conducted without counsel. To this end, we are able to call or email each other with and without counsel as needed, including on an emergency basis if circumstances arise requiring such urgent communications.

8.      We have directed counsel to advise us as to all developments during the lead plaintiff motion process. We will continue to direct counsel and actively oversee the prosecution of this action for the benefit of the Class by, among other things, reviewing pleadings and conferring amongst ourselves. We also are prepared to participate in court proceedings, depositions, settlement mediations, and hearings when our presence will be of benefit to the Class.

9.      We understand our responsibilities as class representatives and as Lead Plaintiffs, including the duty to provide fair and adequate representation to all members of the class, and

- 4 -

DocuSign Envelope ID: B08C3D17-A664-4D27-A3B6-CE5B288EAFB9

will fulfill these responsibilities to the best of our abilities. We understand that our duties as Lead Plaintiffs include interacting with and directing counsel, overseeing and monitoring the progress of the litigation, commenting on important documents in the case, coordinating with counsel to vigorously prosecute the case on behalf of the class, participating in settlement discussions, attending trial, if necessary, and authorizing any potential settlement on behalf of the class as well as approve any attorney's fee and cost requests by counsel. In performing these duties, we will, among other things, review pleadings and motion papers, obtain regular status reports on the progress of the litigation, participate in discovery, and have input into litigation decisions, including settlement negotiations. We are able and willing to perform all of these duties on behalf of class members.

10.     We are aware that as an individual or jointly, we could select any counsel to represent us, and that we were not and are not required or compelled to recommend Hagens Berman as class counsel. As noted above, after careful consideration, we selected Hagens Berman to serve as Lead Counsel. We are satisfied that our chosen counsel are experienced in prosecuting actions of this nature and capable of diligently prosecuting the Class's claims under our supervision. We have instructed our counsel to conduct the litigation in an efficient manner, to avoid the duplication of efforts wherever possible, and to provide updates regularly, or as frequently as necessary. Through our conversations with counsel, and our oversight of counsel, we believe that Hagens Berman will vigorously prosecute the action in a zealous and cost-effective manner and in the best interests of all members of the Class. By submitting this declaration, we are personally ratifying this firm as our choice for that role in this litigation.

11.     Because of the complexity of the case and the substantial losses we each suffered as a result of Defendants' alleged violations of the federal securities, we each have the incentive,

DocuSign Envelope ID: B08C3D17-A664-4D27-A3B6-CE5B288EAFB9

ability and desire to work together to control the litigation and maximize the recovery for the Class. We consent to filing as Lead Plaintiff jointly, or alternatively, as individuals.

12. We are committed to actively overseeing the effective and efficient prosecution of this action by, among other things, reviewing court documents, actively participating in litigation decisions, monitoring and directing counsel, and attending hearings and depositions as necessary. We take the obligations owed by a Lead Plaintiff seriously and hereby reaffirm our commitment to actively monitor our counsel and the litigation, to prosecute the action in the best interest of the Class, and to otherwise fulfill the duties we will assume if appointed as Lead Plaintiff.

13. We have no interests antagonistic to the interests of the class and do not believe that we are subject to any unique defenses. We also understand that the lead plaintiff's share of any recovery is the same as every other potential class member. As our Certifications state, we will not accept any payment for serving as a representative party beyond our respective *pro rata* shares, except any reasonable costs and expenses – such as lost wages and travel expenses – directly related to the class representation, as ordered or approved by the Court pursuant to the PSLRA.

14. We are committed to ensuring that the Class receives the best possible outcome from this litigation. If the Court determines that a single plaintiff would be more appropriate in this action, each of us is willing and able to serve as Lead Plaintiff individually, rather than jointly. Our preference, however, is to work together because the joint prosecution of this action would combine our respective skills and knowledge and the benefits of our collective decision-making and resources, which we believe will be in the best interests of the class.

DocuSign Envelope ID: B08C3D17-A664-4D27-A3B6-CE5B288FAFB9

- 7 -

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this <u>8 th</u> day of July 2023.

DocuSigned by:

68E2F4DC4D674A5...

John Haworth

DocuSign Envelope ID: E463566A-E1FF-48CA-986B-A5580D84945B

- 8 -

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 9th day of July 2023.

James Gillespie