**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| OSANEME OKARO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ICAHN ENTERPRISES L.P., CARL C. ICAHN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO,<br><br>Defendants. | Case 23-cv-21773-KMM<br><br><br>CLASS ACTION |
| MICHAEL LEVINE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ICAHN ENTERPRISES L.P., CARL C. ICAHN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO,<br><br>Defendants. | Case 1:23-cv-22009-RKA |

**BRIAN HARRIS' MOTION FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL AND INCORPORATED MEMORANDUM OF LAW**

Proposed Lead Plaintiff Brian Harris ("Harris"), by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 42 and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), hereby moves this Court for the entry of an

Order: (i) consolidating related cases; (ii) appointing Harris as Lead Plaintiff; (iii) approving Harris' selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the Class and Mark Migdal and Hayden ("MM&H") as Liaison Counsel to the Class; and (iv) granting such other and further relief as the Court may deem just and proper.[1]

## PRELIMINARY STATEMENT

Harris respectfully submits that he should be appointed Lead Plaintiff in these actions (the "Actions") on behalf of the Class (defined below). The Actions are brought against Icahn Enterprises, L.P. ("Icahn" or the "Company") and certain of its executive officers (collectively, "Defendants") and seek to recover damages on behalf of those (the "Class") who purchased or otherwise acquired Icahn securities between August 2, 2018 and May 9, 2023 (the "Class Period"). Plaintiffs allege violations of the federal securities laws under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

---

[1] The PSLRA provides that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the underlying action. Consequently, counsel for Harris have no way of knowing who, if any, the competing lead plaintiff candidates are at this time. As a result, counsel for Harris have been unable to conference with opposing counsel as prescribed in Local Rule 7.1(a)(3), and respectfully request that the conference requirement of Local Rule 7.1(a)(3) be waived in this narrow instance.

Harris believes he has the largest financial interest of competing movants. Harris lost $1,179,993 in connection with his Icahn investments. Thus, Harris has a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' violations of federal securities laws – an interest believed to be greater than that of any other qualified movant. Harris is 68 years old, lives in New York, has a Masters Degree in Business Administration, is a retired investment manager, and has been investing for over 30 years.

Harris meets the typicality and adequacy requirements of Rule 23 because his claims are typical of those of absent Class members, and because he will fairly and adequately represent the interests of the Class. Accordingly, Harris is the presumptive Lead Plaintiff.

Finally, pursuant to the PSLRA, Harris respectfully requests that the Court approve his selection of Bernstein Liebhard as Lead Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one and is well qualified to represent the Class.  In addition, MMH is well-suited to serve as liaison counsel.

Accordingly, Harris respectfully requests that the Court appoint him as Lead Plaintiff for the Class and approve his selection of Lead Counsel.

## FACTUAL BACKGROUND

On May 2, 2023, Hindenburg Research published a report alleging, among other things, that Icahn Enterprises' "last reported indicative year-end [net asset value] of $5.6 billion is inflated by at least 22%." The report also claimed that the Company operates a "ponzi-like economic structure" and "has been using money taken in from new investors to pay out dividends to old investors." On this news, Icahn's share price fell $10.06 per share, or 20%, to close at $40.36 per share on May 2, 2023. Then, on May 10, 2023, before the market opened,

3

Icahn filed its Form 10-Q for the period ended March 31, 2023. Therein, the Company stated that the U.S. Attorney's office for the Southern District of New York contacted Icahn on May 3, 2023 seeking production of information relating to the Company, certain of its affiliates' "corporate governance, capitalization, securities offerings, dividends, valuation, marketing materials, due diligence and other materials." The Company claimed it was "cooperating with the request" and was "providing documents in response to the voluntary request for information." On this news, Icahn's share price fell $5.75 per share, or 15.1%, to close at $32.22 per share on May 10, 2023.

Plaintiffs allege that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose that: (1) Icahn was inflating its net asset value; (2) Icahn was using money taken in from new investors to pay out dividends to old investors; and (3) that, as a result, the Company would become the subject of criminal and/or regulatory scrutiny.

## MEMORANDUM OF LAW

### I.   HARRIS SHOULD BE APPOINTED LEAD PLAINTIFF

Harris respectfully submits that he should be appointed Lead Plaintiff because he timely filed the instant motion, believes he has the largest financial interest of any qualified movant, and satisfies the typicality and adequacy requirements of Rule 23.

#### A.   The PSLRA Standard For Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also*

15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, the Court is to consider any motion made by Class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating the lead plaintiff motions, the Court shall adopt a presumption that the "most adequate plaintiff" is the person who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff; (ii) has the largest financial interest in the relief sought by the Class; and (iii) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Luczak v. Nat'l Beverage Corp.*, No. 0:18-cv-61631-KMM, 2018 WL 9847842, at *1 (S.D. Fla. Oct. 12, 2018). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Nat'l Beverage Corp.*, 2018 WL 9847842, at *1.

Under the framework established by the PSLRA, Harris is "the most adequate plaintiff" and should be appointed as Lead Plaintiff.

**B.** **Harris Is The "Most Adequate Plaintiff"**

1. **Harris' Motion Is Timely**

Harris filed his motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed action against Defendants caused notice regarding the pending nature of this case to be published on May 11, 2023. *See* Mark Decl., Ex. C. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before July 10, 2023. Harris filed his motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

2. **Harris Believes He Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff…that…has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Eagle Bldg. Techs.*, 209 F.R.D. at 502 ("The most important factor in determining the lead plaintiff is the amount of financial interest claimed.").

Harris incurred substantial losses of $ $1,179,993 on his Icahn investments during the Class Period. *See* Mark Decl., Ex. B. Accordingly, Harris has a substantial financial interest as qualified Harris seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Sherleigh Assoc. LLC v. Windmere–Durable Holdings, Inc.*, 184 F.R.D. 688, 692 (S.D. Fla. 1999).

3. **Harris Satisfies Rule 23's Typicality and Adequacy Requirements**

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc). At the lead

plaintiff selection stage all that is required to satisfy Rule 23 is a "preliminary showing" that the lead plaintiff's claims are typical and adequate. *Nat'l Beverage Corp.*, 2018 WL 9847842, at *2; *see also Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016). Harris unquestionably satisfies both requirements.

### (a)    Harris' Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when there is "a nexus between the class representative's claims or defenses and the common questions of fact or law which unite the class." *Biver v. Nicholas Fin., Inc.*, 2014 WL 1763211, at *5 (M.D. Fla. Apr. 30, 2014). On this point, "'[a] sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory.'" *Id*.

As applied, Harris' claims are typical of the claims asserted by the proposed Class. Harris, as did all of the members of the Class, transacted in Icahn securities during the Class Period in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Because Harris' claims arise from the same course of events as do the claims of other Class members, the typicality requirement is satisfied.

### (b)    Harris Satisfies the Adequacy Requirement of Rule 23

"[T]he adequacy prong requires that the class representatives have common interests with the nonrepresentative class members and requires that the representatives demonstrate that they will vigorously prosecute the interests of the class through qualified counsel." *Id.* (quoting *Piazza v. Ebsco Indus. Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001)). "Thus, the adequacy of representation analysis involves two inquiries: '(1) whether any substantial conflicts of interest exist between the representatives and the class, and (2) whether the representatives will adequately prosecute the action.'" *Id.* (quoting *Valley Drug Co. v. Geneva Pharm., Inc.*, 350

7

F.3d 1181, 1189 (11th Cir. 2003)).

As applied, Harris has satisfied the adequacy requirement of Rule 23. *First*, Harris understands and accepts his duties and obligations as a Lead Plaintiff under the PSLRA. *See* Mark Decl., Ex. A. *Second*, no antagonism exists between the interests of Harris and those of the absent Class members; rather, the interests of Harris and the Class are squarely aligned. Harris suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of this action. *Third*, there is no proof that Harris is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such proof exists. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). *Finally*, Harris has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, *see infra* at Section III, and timely submitted his choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v). Based on the foregoing, Harris is adequate to represent the Class.

## II.       HARRIS' SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Mark Decl., Ex. D. Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country. Some of Bernstein Liebhard's recent appointments include *In re IronNet, Inc. Securities Litigation*, No. 1:22-CV-00449-RDA-

JFA (E.D. Va. July 15, 2022) (ECF 41); *Saye v. Nio Inc.*, No. 1:22-cv-07666-VSB (S.D.N.Y. Dec. 14, 2022) (ECF 19); and *Ouranitsas v. Tupperware Brands Corp.*, No. 6:23-cv-00511-PGB-EJK (M.D. Fla. June 5, 2023) (ECF 37).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country.  In 2022, Bernstein Liebhard was listed for the sixteenth consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years.  Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for four consecutive years.

Some of Bernstein Liebhard's outstanding successes as Lead Counsel and Co-Lead Counsel include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);
- *City of Austin Police Retirement System v. Kinross Gold Corporation*, No. 1:12-cv-01203-VEC (S.D.N.Y. 2016) ($33 million settlement)
- *In re Tower Group International, Ltd. Sec. Litig.*, No. 1:13-cv-05852-AT (S.D.N.Y. 2015) ($20.5 million settlement)
- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);
- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);
- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million); and
- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Additionally, proposed Liaison Counsel MM&H maintains offices in this District and has extensive securities litigation experience.  *See* Mark Decl., Ex. E.

**CONCLUSION**

For the foregoing reasons, Harris respectfully requests that the Court issue an Order: (i) consolidating the related cases; (ii) appointing Harris as Lead Plaintiff for the Class; (iii) approving Harris' selection of Bernstein Liebhard as Lead Counsel for the Class and MM&H as Liaison Counsel to the Class; and (iv) granting such other relief as the Court may deem just and proper.

DATED:  July 10, 2023

Respectfully submitted,

/s/ *Etan Mark*

---

Florida Bar No. 720852
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440
etan@markmigdal.com

*Liaison Counsel for Harris and Proposed*
*Liaison Counsel for the Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
lhasson@bernlieb.com
seidman@bernlieb.com

*Counsel for Harris and Proposed Lead*
*Counsel for the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2023, a true and accurate copy of the above document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send Notice of Electronic Filing to all counsel of record.

*/s/ Etan Mark*
Etan Mark, Esq.
