**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-CV-21773-MOORE/LOUIS
Case No. 1:23-CV-22009-ALTMAN/REID

| | |
|---|---|
| OSANEME OKARO, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br>     v.<br><br>ICAHN ENTERPRISES L.P., CARL C. ICAHN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO,<br><br>             Defendants. | CLASS ACTION |
| MICHAEL LEVINE, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br>     v.<br><br>ICAHN ENTERPRISES L.P., CARL C. ICAHN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO,<br><br>             Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
ANDREW GOLDSTEIN FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT ........................................................................ 1

II.    FACTUAL BACKGROUND........................................................................... 2

III.   ARGUMENT................................................................................................ 4

      A.     The Actions Should Be Consolidated.................................................... 4

      B.     Andrew Goldstein Should Be Appointed Lead Plaintiff ........................ 5

            1.     The PSLRA's Standard for Appointing Lead Plaintiff.............................. 5

            2.     Andrew Goldstein Is the "Most Adequate Plaintiff" ................................. 6

                 a.     Andrew Goldstein Has Timely Filed His Motion........................... 6

                 b.     Andrew Goldstein Has the Largest Financial Interest in the Relief Sought by the Class.............................................................. 6

                 c.     Mr. Goldstein Satisfies Rule 23's Typicality and Adequacy Requirements ............................................................... 7

                       i.     Mr. Goldstein's Claims Are Typical of Those of the Class 8

                       ii.    Mr. Goldstein Will Fairly and Adequately Protect the Interests of the Class ........................................................... 8

      C.     The Court Should Approve Mr. Goldstein's Selection of Counsel ...................... 10

IV.   CONCLUSION............................................................................................ 12

## TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Bhatt v. Tech Data Corp.*,
No. 8:17-cv-2185-T-36AEP, 2017 WL 10295956 (M.D. Fla. Dec. 28, 2017) .......................... 8

*Bloom v. Anderson (FirstEnergy Corp. Derivative Litig.)*,
No. 2:20-CV-04534, 2020 WL 6710429 (S.D. Ohio Nov. 16, 2020) ..................................... 11

*In re Gildan Activewear Inc. Sec. Litig.*,
No. 1:08-cv-05048-HB, 2010 WL 11746218 (S.D.N.Y. Sept. 20, 2010) ............................... 11

*Luczak v. Nat'l Beverage Corp.*,
No. 18-cv-61631-KMM, 2018 WL 9847842 (S.D. Fla. Oct. 12, 2018) ...................... 7, 8, 9, 10

*United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 v. Ocwen Fin. Corp.*,
No. 14–81057, 2014 WL 11350272 (S.D. Fla. Nov. 6, 2014).................................................... 5

**Statutes**

15 U.S.C. § 78j(b) .................................................................................................................... 2
15 U.S.C. § 78t(a) .................................................................................................................... 2
15 U.S.C. § 78u-4(a) ......................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................. *passim*

**Regulations**

17 C.F.R. § 240.10b-5............................................................................................................. 2

Proposed Lead Plaintiff Andrew Goldstein respectfully moves this Court for entry of an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) consolidating the above-captioned, related actions; (2) appointing Andrew Goldstein as Lead Plaintiff on behalf of a class (the "Class") of all persons and entities who purchased or otherwise acquired securities of Icahn Enterprises L.P. ("IEP" or the "Company") between August 2, 2018 and May 9, 2023, inclusive (the "Class Period"); (3) approving his selection of Saxena White P.A. ("Saxena White") to serve as Lead Counsel for the Class; and (4) granting any such other and further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

Mr. Goldstein respectfully submits that he is the "most adequate plaintiff" under the PSLRA and readily satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Mr. Goldstein seeks recovery of a loss of more than $2.4 million on Class Period purchases of IEP depositary units under the prevailing last-in-first-out ("LIFO") accounting method.[1]  Mr. Goldstein has received a valid assignment of claims from his son that transfers all rights and title to prosecute all causes of action relating to his transactions in IEP securities prior to the filing of this motion.  *See* Hooker Decl. Ex. C.  Further, Mr. Goldstein's claims are typical of those of absent Class members, and

---

[1] The transactions in IEP depositary units during the Class Period for which Mr. Goldstein seeks a recovery are set forth in the certification attached as Exhibit A to the Declaration of Lester R. Hooker in Support of Andrew Goldstein's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Hooker Decl."), filed currently herewith.  A chart setting forth losses incurred on those transactions is attached as Exhibit B to the Hooker Decl.

Mr. Goldstein has no conflicts with the Class and will adequately protect the Class's interests given his significant financial stake in the claims.

Mr. Goldstein has further demonstrated his adequacy through his selection of Saxena White to serve as Lead Counsel for the Class. Saxena White, which is headquartered in this jurisdiction, has substantial experience and success prosecuting securities class actions in this District and throughout the nation.

Accordingly, Mr. Goldstein respectfully requests that the Court appoint him as Lead Plaintiff and otherwise grant his motion.

## II.     FACTUAL BACKGROUND

Pending before the Court are two securities class actions brought against: (1) IEP;[2] (2) Carl C. Icahn ("Icahn"), the Company's Chairman of the Board throughout the Class Period; (3) David Willetts, the Company's President and Chief Executive Officer ("CEO") since November 8, 2021; (4) Ted Papapostolou, the Company's Chief Financial Officer ("CFO") since November 8, 2021; (5) Keith Cozza, the Company's President and CEO from 2014 until November 8, 2021; and (6) SungHwan Cho, the Company's CFO from 2012 until November 8, 2021 (collectively, "Defendants"). The Action asserts claims for violations of Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

IEP is a master limited partnership holding company owning subsidiaries engaged in the following operating businesses: Investment, Energy, Automotive, Food Packaging, Real Estate, Home Fashion, and Pharmaceuticals. Defendant Icahn and his affiliates owned approximately

---

[2] IEP is headquartered in Sunny Isles Beach, Florida. The Company's depositary units trade on the Nasdaq Global Select Market under the ticker symbol "IEP."

85% of IEP's outstanding depositary units as of December 31, 2022.  Throughout the Class Period, the Company reported quarterly net asset values between $5.1 to 8.4 billion, and quarterly dividends of $2 per depositary unit "to return capital to [the Company's] unitholders."

The Action alleges that, during the Class Period, Defendants made false and misleading statements regarding IEP's business, operations, and prospects, specifically regarding its reported financial results and asset valuations.  Among other things, Defendants are alleged to have misrepresented and/or failed to disclose that: (1) IEP was inflating its net asset value; (2) the Company was using money taken in from new investors to pay out dividends to old investors; (3) as a result, the Company would become the subject of criminal and/or regulatory scrutiny; and (4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On May 2, 2023, Hindenburg Research published a report alleging, among other things, that IEP's "last reported indicative year-end [net asset value] of $5.6 billion is inflated by at least 22%."  The report also claimed that the Company operates a "ponzi-like economic structure" and "has been using money taken in from new investors to pay out dividends to old investors."  In addition, the report claimed that IEP's "[depositary] units are inflated by 75%" "due to 3 key reasons: (1) IEP trades at a 218% premium to its last reported net asset value (NAV), vastly higher than all comparables[;] (2) we've uncovered clear evidence of inflated valuation marks for IEP's less liquid and private assets[; and] (3) the company has suffered additional performance losses year to date following its last disclosure."  Among the overvalued assets highlighted in the report was IEP's Automotive division, valued at $381 million in December 2022.  On this news, the price of IEP depositary units fell $10.06 per share, or 20%, to close at $40.36 per share on May 2, 2023.

3

Then, on May 10, 2023, before the market opened, IEP announced that the U.S. Attorney's office for the Southern District of New York had contacted the Company on May 3, 2023 seeking production of information relating to the Company and certain of its affiliates' "corporate governance, capitalization, securities offerings, dividends, valuation, marketing materials, due diligence and other materials." Additionally, IEP reported a $226 million charge related to its Automotive segment, which Hindenburg Research had identified as an overvalued holding. On this news, the price of IEP's depositary units fell $5.75 per share, or 15.1%, to close at $32.22 per share on May 10, 2023.

Defendants' material misrepresentations and omissions and the revelations thereof have caused Mr. Goldstein and the Class to incur substantial losses.

III.     **ARGUMENT**

    A.     **The Actions Should Be Consolidated**

Two related securities class actions have been filed in this Court against Defendants. The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.* Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)") allows the Court to consolidate actions that involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a).

Here, the above-captioned actions are both related and pending in this District against Defendants. These actions present substantially similar factual and legal issues because they each allege claims under Sections 10(b) and 20(a) of the Exchange Act, allege the same Class Period,

4

and arise out of almost identical misstatements regarding IEP's financial results and asset valuations. *See United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 v. Ocwen Fin. Corp.*, No. 14–81057, 2014 WL 11350272, at *1 (S.D. Fla. Nov. 6, 2014) (consolidating securities class actions alleging "the same subject matter, same defendants, and common questions of law and fact"). Accordingly, consolidation is appropriate under Rule 42(a) and the PSLRA, and the Actions should be consolidated.

**B.      Andrew Goldstein Should Be Appointed Lead Plaintiff**

**1.      The PSLRA's Standard for Appointing Lead Plaintiff**

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purposed plaintiff class—
>
> (I)      of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)      That, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as lead plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the movant who: (1) filed a complaint or filed a motion to serve as lead plaintiff;

5

(2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### 2.      Andrew Goldstein Is the "Most Adequate Plaintiff"

Mr. Goldstein respectfully submits that he should be appointed Lead Plaintiff because he (1) filed a timely motion for appointment as Lead Plaintiff; (2) holds the largest financial interest of any movant; and (3) satisfies Rule 23's typicality and adequacy requirements.

### a.      Andrew Goldstein Has Timely Filed His Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff who filed the first complaint in this action caused notice regarding the pending nature of this case to be published on *BusinessWire*, a widely circulated, national, business-oriented wire service, on May 11, 2023.  *See* Hooker Decl. Ex. E.  Thus, pursuant to the PSLRA, any member of the proposed Class may apply for appointment as Lead Plaintiff within 60 days of the publication of the notice, *i.e.*, on or before July 10, 2023.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Mr. Goldstein has filed his motion within the required timeframe.

### b.      Andrew Goldstein Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs courts to adopt the presumption that "the most adequate plaintiff" is the movant who "has the largest financial interest in the relief sought by the class" so long as that movant meets the requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  In determining the "largest financial interest" for purposes of lead plaintiff appointment, "courts typically look to the following factors: (1) the number of shares purchased during the class period; (2) the number of

net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *See Luczak v. Nat'l Beverage Corp.*, No. 18-cv-61631-KMM, 2018 WL 9847842, at *1 (S.D. Fla. Oct. 12, 2018).

As evidenced in his certification and loss chart, through the assigned claims, Mr. Goldstein incurred a substantial loss of $2,480,854 LIFO based on the purchase of 137,971 total IEP depositary units or 82,541 IEP depositary units on a net basis and expenditures of $4.8 million in net funds on those investments. *See* Hooker Decl., Exs. A, B. Mr. Goldstein is unaware of any other movant seeking appointment as Lead Plaintiff that has a larger financial interest in the outcome of the action, and he also satisfies the adequacy and typicality requirements of Rule 23. Accordingly, Mr. Goldstein has the largest financial interest of any qualified movant seeking Lead Plaintiff status and, because he satisfies the applicable requirements of Rule 23, as discussed below, is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### c. Mr. Goldstein Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the litigation, Mr. Goldstein satisfies the applicable requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23. However, at this stage of the proceedings, a lead plaintiff movant "need only make a *prima facie* showing that the Rule 23(a) requirements of typicality and adequacy are met." *Luczak*, 2018 WL 9847842, at *2.

i.      **Mr. Goldstein's Claims Are Typical of Those of the Class**

The typicality requirement of Rule 23(a)(3) is satisfied "when the movant's claims share the same essential characteristics as the claims of the class at large." *See Luczak*, 2018 WL 9847842, at \*2 (citing *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 n.14 (11th Cir. 2000)). Typicality does not require that there be no factual differences between the class representatives and the class members; rather, it is the generalized nature of the claims asserted that determines whether the class representatives are typical. *See Bhatt v. Tech Data Corp.*, No. 8:17-cv-2185-T-36AEP, 2017 WL 10295956, at \*3 (M.D. Fla. Dec. 28, 2017) ("Typicality, however, does not require identical claims or defenses. A factual variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class.") (citation omitted).

Here, Mr. Goldstein satisfies the typicality requirement because he seeks the same relief and advances the same legal theories as other Class members. Like all other Class members, Mr. Goldstein seeks recovery of losses and damages incurred on purchases of IEP securities during the Class Period at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions. Mr. Goldstein's claims therefore arise from the same course of events and his legal arguments to prove Defendants' liability are identical to the balance of the Class. *See Luczak*, 2018 WL 9847842, at \*2 (discussing typicality requirement). These shared claims satisfy Rule 23(a)(3)'s typicality requirement.

ii.     **Mr. Goldstein Will Fairly and Adequately Protect the Interests of the Class**

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that they "will fairly and adequately protect the interests of the

8

class." Fed. R. Civ. P. 23(a)(4). For a class's interests to be fairly and adequately represented, a proposed lead plaintiff "must make a preliminary showing that (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy." *See Luczak*, 2018 WL 9847842, at *2 (finding adequacy requirement satisfied where movant "provided documents demonstrating the extensive experience of class counsel," and there was no indication that movant "would have a particular conflict between his own interests and those of the class, generally," or that "[movant's] financial interest in the litigation would be insufficient to ensure vigorous advocacy").

Mr. Goldstein's interests are aligned with those of the other Class members and are not antagonistic in any way. Mr. Goldstein incurred substantial financial harm due to Defendants' misrepresentations and omissions during the Class Period and, therefore, has a sufficient interest in the outcome of the litigation to ensure vigorous prosecution of the litigation. There are no facts to suggest an actual or potential conflict of interest between Mr. Goldstein and the other Class members.

Moreover, Mr. Goldstein has provided information about his background and affirmed his commitment to fulfilling the fiduciary role of Lead Plaintiff should he be appointed. *See* Declaration of Andrew Goldstein, Hooker Decl. Ex. D. Specifically, Mr. Goldstein is 75 years old, resides in Scottsdale, Arizona, and has been investing for more than 20 years. *See id.* ¶ 3. Mr. Goldstein determined to seek the role of Lead Plaintiff because he believes in the importance of this matter in that it alleges serious misconduct that caused substantial losses to investors. *Id.* ¶¶ 2, 4. Mr. Goldstein is aware of the fiduciary duties he will assume if appointed as Lead Plaintiff,

including the selection and continued oversight of counsel and has already taken steps in directing counsel. *Id.* ¶¶ 5-7, 9, 11.

Mr. Goldstein has further demonstrated his adequacy by selecting Saxena White as proposed Lead Counsel for the Class. As demonstrated below, Saxena White is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to effectively and successfully prosecute complex securities class actions and other forms of shareholder litigation in this District and nationwide.

Thus, in addition to having the largest financial interest and satisfying the typicality requirement, Mr. Goldstein also satisfies the adequacy requirement of Rule 23.

**C.      The Court Should Approve Mr. Goldstein's Selection of Counsel**

Pursuant to the PSLRA, the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb the plaintiff's choice of counsel "unless the Court finds it necessary to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Luczak*, 2018 WL 9847842, at *2 (same). Mr. Goldstein respectfully submits that his selection of Saxena White as Lead Counsel should be approved.

Saxena White has achieved substantial recoveries on behalf of investor classes when serving as lead or co-lead counsel in securities class actions in this District and throughout the country. *See* Firm Resume, Hooker Decl., Ex. F. Saxena White's experience includes the $210 million recovery for the investor class in *In re Wilmington Trust Securities Litigation*, No. 1:10-cv- 00990-ER (D. Del.); the $135 million recovery in *Peace Officers Annuity and Benefit Fund of Ga. v. DaVita Inc.*, No. 1:17-cv-00304-WJM-NRN (D. Colo.); the $73 million recovery in *In re Rayonier Inc. Securities Litigation*, No. 3:14-cv-01395-TJC-JBT (M.D. Fla.); the $50 million recovery in *In re HD Supply Holdings, Inc. Securities Litigation*, No. 1:17-cv-02587-

ELR (N.D. Ga.); the $37.5 million recovery in this District in *City Pension Fund for Firefighters & Police Officers in the City of Miami Beach v. Aracruz Celulose S.A.*, No. 1:08-cv-23317 (S.D. Fla.); the $35 million recovery in *City of Hollywood Police Officers' Ret. Sys. v. Henry Schein, Inc.*, No. 2:19-cv-5530 (GRB)(RLM) (E.D.N.Y.); as well as the $31.9 million recovery in *In re Perrigo Company plc Securities Litigation*, No. 1:19-cv-00070-DLC (S.D.N.Y.).   Moreover, Saxena White achieved a $240 million settlement together with significant corporate governance reforms in a derivative action on behalf of Wells Fargo & Company—the largest insurance-funded monetary recovery in a shareholder derivative settlement in history.  *See In re Wells Fargo & Co. S'holder Derivative Litig.*, No. 4:16-cv-05541-ST (N.D. Cal.).

By approving Mr. Goldstein's choice of Lead Counsel, this Court will also advance the important goal of increasing diversity among class counsel.  *See In re Gildan Activewear Inc. Sec. Litig.*, No. 1:08-cv-05048-HB, 2010 WL 11746218, at *1 (S.D.N.Y. Sept. 20, 2010) (because "proposed class includes thousands of participants, both male and female, arguably from diverse backgrounds, . . . it is therefore important to all concerned that there is evidence of diversity, in terms of race and gender, in the class counsel I appoint").  As a federally certified woman- and minority-owned firm specializing in representing injured investors as plaintiffs in securities litigation, Saxena White is committed to diversity.  For example, Saxena White was selected by the Chief Judge of the Northern District of Ohio as Co-Lead Counsel in an important shareholder derivative action involving a corruption and bribery scheme, not only for its "impressive" and "considerable track record[] of successfully prosecuting shareholder derivative actions," but also for its "diverse team" that "best reflects the plaintiffs' diversity and is best suited to act on their behalf."  *Bloom v. Anderson (FirstEnergy Corp. Derivative Litig.)*, No. 2:20-CV-04534, 2020 WL 6710429, at *9 (S.D. Ohio Nov. 16, 2020).

11

Accordingly, the Court should approve Mr. Goldstein's selection of Saxena White as Lead Counsel for the Class.

## IV.    CONCLUSION

For the reasons discussed above, Mr. Goldstein respectfully requests that the Court: (1) consolidate the above-captioned, related actions; (2) appoint him to serve as Lead Plaintiff for the Class; (3) approve his selection of Saxena White as Lead Counsel for the Class; and (4) grant such other relief as the Court may deem just and proper.

Dated:  July 10, 2023                           Respectfully submitted,

*/s/ Lester R. Hooker*
Lester R. Hooker

**SAXENA WHITE P.A.**
Maya Saxena (FL Bar No. 95494)
Lester R. Hooker (FL Bar No. 32242)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel.: (561) 394-3399
Fax: (561) 394-3382
msaxena@saxenawhite.com
lhooker@saxenawhite.com

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac vice forthcoming*)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Tel.: (310) 301-3335
brian@schallfirm.com

*Additional Counsel for Proposed Lead*
*Plaintiff Andrew Goldstein*

## CERTIFICATE OF SERVICE

I, Lester R. Hooker, hereby certify that, on July 10, 2023, I authorized a true and correct copy of the foregoing to be electronically filed with the clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

/s/ Lester R. Hooker
Lester R. Hooker