UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| OSANEME OKARO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ICAHN ENTERPRISES L.P., CARL C. ICAHN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO, <br><br> Defendants. | Case No.  1:23-cv-21773-KMM <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JOHN DIEFENDORF FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL** |
| MICHAEL LEVINE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ICAHN ENTERPRISES L.P., CARL C. ICAHN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO, <br><br> Defendants. | Case No.  1:23-cv-22009-RKA |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ...................................................................................... 2

ARGUMENT ........................................................................................................ 4

    I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR
    ALL PURPOSES ...................................................................................... 4

    II.    DIEFENDORF SHOULD BE APPOINTED LEAD PLAINTIFF ....................... 5

        A.    Diefendorf Is Willing to Serve as Class Representative ............................. 6

        B.    Diefendorf Has the "Largest Financial Interest" in the
        Related Actions ....................................................................................... 6

        C.    Diefendorf Otherwise Satisfies the Requirements of Rule 23 ................... 7

    III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD
    BE APPROVED ....................................................................................... 9

CONCLUSION .................................................................................................... 10

CERTIFICATE REGARDING GOOD FAITH CONFERENCE ............................... 10

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brustein v. Lampert*,
 04-61159-CIV-LENARD/KLEIN, 2005 U.S. Dist. LEXIS 51106
 (S.D. Fla. June 15, 2005) ......................................................................................................7

*In re Comverse Technology, Inc. Securities Litigation*,
 No. 06-CV-1825 (E.D.N.Y.).................................................................................................10

*In re Molson Coors Brewing Co. Sec. Litig.*,
 233 F.R.D. 147 (D. Del. 2005) ..............................................................................................9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
 182 F.R.D. 42 (S.D.N.Y. 1998) .............................................................................................7

*In re Sunbeam Sec. Litig.*,
 No. 98-8258-CIV-MIDDLEBROOKS, 1998 U.S. Dist. LEXIS 21490
 (S.D. Fla. Dec. 4, 1998) ........................................................................................................4

*Klein v. Altria Group, Inc. et al*,
 No. 3:20-cv-00075 (E.D. Va.) ..............................................................................................10

*Lax v. First Merchants Acceptance Corp.*
 No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997).................................6

*Miller v. Dyadic Int'l, Inc.*,
 07-80948-CIV-DIMITROULEAS, 2008 U.S. Dist. LEXIS 32271
 (S.D. Fla. Apr. 18, 2008) .......................................................................................................8

*Mulvaney v. GEO Group, Inc.*,
 16-cv-81494-MIDDLEBROOKS, 2016 U.S. Dist. LEXIS 193402
 (S.D. Fla. Nov. 18, 2016)........................................................................................................9

*Newman v. Eagle Bldg. Techs.*,
 209 F.R.D. 499 (S.D. Fla. 2002)............................................................................................4

*Nghiem Tran v. Erba Diagnostics, Inc.*,
 15-cv-24440-COOKE/TORRES, 2016 U.S. Dist. LEXIS 186864
 (S.D. Fla. Apr. 8, 2016) .........................................................................................................7

*Piven v. Sykes Enters.*,
 137 F. Supp. 2d 1295 (M.D. Fla. 2000).................................................................................8

*Plymouth County Ret. Sys. v. Carter's, Inc.*,
     08-CV-2940-JOF, 2009 U.S. Dist. LEXIS 20582 (N.D. Ga. Mar. 13, 2009) ..........................6

*Prado-Steinman ex rel. Prado v. Bush*,
     22 F.3d 1266 (11th Cir. 2000) ...................................................................................8

*Thorpe v. Walter Inv. Mgmt., Corp.*,
     1:14-cv-20880-UU, 2016 U.S. Dist. LEXIS 33637 (S.D. Fla. Mar. 16, 2016) ........................7

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
     216 F.R.D. 248, 253 (S.D.N.Y. 2003) ....................................................................8

**Statutes**

15 U.S.C. § 78u-4 ............................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ................................................. *passim*

**Rules**

Fed. R. Civ. P. 23 ............................................................................... *passim*

Fed. R. Civ. P. 42 ...............................................................................1, 2, 4

Local Civil Rule 7.1(a) ............................................................................10

John Diefendorf ("Diefendorf") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3) (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Rule 42 of the Federal Rules of Civil Procedure, for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Diefendorf as Lead Plaintiff on behalf of a class consisting of all persons and entities who purchased or otherwise acquired Icahn Enterprises L.P. ("Icahn Enterprises" or the "Company") securities between August 2, 2018 and May 9, 2023, inclusive (the "Class Period") (the "Class"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel, and Miller Shah LLP ("Miller Shah") as Liaison Counsel, for the Class.

## PRELIMINARY STATEMENT

The complaints in the Related Actions allege that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. Icahn Enterprises investors, including Diefendorf, incurred significant losses following the disclosure of the alleged fraud, which caused Icahn Enterprises' share price to fall sharply, damaging Diefendorf and other Icahn Enterprises investors.

Pursuant to the PSLRA, the court is to appoint as Lead Plaintiff the movant or group of movants who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Diefendorf, with losses of approximately $1,285,830, believes that he has the largest financial interest in the relief sought in the Related Actions. *See* Declaration of Jayne A. Goldstein in Support of Motion ("Goldstein Decl."), Exhibit ("Ex.") A.

1

Beyond his considerable financial interest, Diefendorf also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Diefendorf has selected Pomerantz as Lead Counsel, and Miller Shah as Liaison Counsel, for the Class.  These firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes.

Consolidation is appropriate under Federal Rule of Civil Procedure 42(a) where actions involve common questions of law or fact.  Here, the Related Actions are both putative class actions alleging violations of the federal securities laws by an overlapping group of defendants arising from the same alleged fraudulent misconduct.  As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Accordingly, Diefendorf respectfully requests that the Court enter an order consolidating the Related Actions, appointing Diefendorf as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel, and Miller Shah as Liaison Counsel, for the Class.

## STATEMENT OF FACTS

As alleged in the complaints filed in the Related Actions, Icahn Enterprises is a master limited partnership holding company owning subsidiaries engaged in the following operating businesses: Investment, Energy, Automotive, Food Packaging, Real Estate, Home Fashion and Pharma.  Defendant Carl C. Icahn and his affiliates owned approximately 85% of Icahn Enterprises' outstanding depositary units as of December 31, 2022.

On May 2, 2023, Hindenburg Research published a report alleging, among other things, that Icahn Enterprises' "last reported indicative year-end [net asset value] of $5.6 billion is inflated

by at least 22%."  The report also claimed that the Company operates a "ponzi-like economic structure" and "has been using money taken in from new investors to pay out dividends to old investors."

On this news, Icahn Enterprises' share price fell $10.06 per share, or 20%, to close at $40.36 per share on May 2, 2023.

Then, on May 10, 2023, before the market opened, Icahn Enterprises filed its Quarterly Report on Form 10-Q with the SEC for the period ended March 31, 2023.  Therein, the Company stated that the U.S. Attorney's office for the Southern District of New York contacted Icahn Enterprises on May 3, 2023 seeking production of information relating to the Company, certain of its affiliates' "corporate governance, capitalization, securities offerings, dividends, valuation, marketing materials, due diligence and other materials."  The Company claimed it is "cooperating with the request" and is "providing documents in response to the voluntary request for information."

On this news, Icahn Enterprises' share price fell $5.75 per share, or 15.1%, to close at $32.22 per share on May 10, 2023.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose to investors: (1) that Icahn Enterprises was inflating its net asset value; (2) that the Company was using money taken in from new investors to pay out dividends to old investors; (3) that, as a result, the Company would become the subject of criminal and/or regulatory scrutiny; and (4) that as a result of the foregoing, Defendant's positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

**ARGUMENT**

**I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).  Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42(a); *In re Sunbeam Sec. Litig.*, No. 98-8258-CIV-MIDDLEBROOKS, 1998 U.S. Dist. LEXIS 21490, at *8 (S.D. Fla. Dec. 4, 1998) (consolidating actions "alleg[ing] substantially similar claims that share common questions of fact and law").

The Related Actions at issue here clearly involve common questions of both law *and* fact. Each action was brought against Icahn Enterprises and certain of its officers and directors in connection with alleged violations of the federal securities laws.  Accordingly, the Related Actions allege substantially the same wrongdoing—namely, that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Icahn Enterprises' securities and subsequently damaged the Class when the Company's share price plummeted as the truth emerged.  Consolidation of the Related Actions is therefore appropriate.  *See Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002) ("The class actions currently before the Court are ideally situated for consolidation. The complaints present virtually identical claims for relief based upon a single course of conduct during the Class Period."); *Sunbeam*, 1998 U.S. Dist.

4

LEXIS 21490, at \*7-\*8 ("Consolidation of related complex actions, and securities cases in particular, is commonplace and an effective use of judicial resources.").

## II.     DIEFENDORF SHOULD BE APPOINTED LEAD PLAINTIFF

Diefendorf should be appointed Lead Plaintiff because, to his knowledge, Diefendorf has the largest financial interest in the Related Actions and otherwise satisfies the requirements of Rule 23.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Specifically, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Diefendorf satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

5

## A.  Diefendorf Is Willing to Serve as Class Representative

On May 11, 2023, counsel for plaintiff in the first-filed of the Related Actions published a notice over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Defendants, and which advised investors in Icahn Enterprises securities that they had until July 10, 2023—*i.e.*, 60 days—to file a motion to be appointed as Lead Plaintiff (the "Notice").  *See* Goldstein Decl., Ex. B.  Diefendorf has filed the instant motion pursuant to the Notice, and has attached a Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Diefendorf satisfies the first requirement to serve as Lead Plaintiff of the Class.

## B.  Diefendorf Has the "Largest Financial Interest" in the Related Actions

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Diefendorf has the largest financial interest of any putative Class member seeking to serve as Lead Plaintiff.  For the purposes of lead plaintiff appointment pursuant to the PSLRA, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997); *see also Plymouth County Ret. Sys. v. Carter's, Inc.*, 08-CV-2940-JOF, 2009 U.S. Dist. LEXIS 20582, at *5 (N.D. Ga. Mar. 13, 2009) (assessing financial interest with reference to *Lax* factors).

6

During the Class Period, Diefendorf: (1) purchased 68,006.645 shares of Icahn Enterprises stock; (2) expended $3,716,214 on purchases of Icahn Enterprises stock; (3) retained 48,000.645 of his shares of Icahn Enterprises stock; and (4) incurred losses of $1,285,830 in connection with his transactions in Icahn Enterprises stock. *See* Goldstein Decl., Ex. A. To the extent that Diefendorf possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.       Diefendorf Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Brustein v. Lampert*, 04-61159-CIV-LENARD/KLEIN, 2005 U.S. Dist. LEXIS 51106, at *14 (S.D. Fla. June 15, 2005); *Nghiem Tran v. Erba Diagnostics, Inc.*, 15-cv-24440-COOKE/TORRES, 2016 U.S. Dist. LEXIS 186864, at *3 (S.D. Fla. Apr. 8, 2016). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Thorpe v. Walter Inv. Mgmt., Corp.*, 1:14-cv-20880-UU, 2016 U.S. Dist.

LEXIS 33637, at *18 (S.D. Fla. Mar. 16, 2016). Here, the complaints in the Related Actions sufficiently plead Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all lead plaintiff candidates.

The typicality requirement of Federal Rule of Civil Procedure 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Prado-Steinman ex rel. Prado v. Bush*, 22 F.3d 1266, 1279 (11th Cir. 2000); *Piven v. Sykes Enters.*, 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000) (same).

Diefendorf's claims are typical of those of the Class. Diefendorf alleges, as do all Class members, that Defendants violated the federal securities laws by making untrue statements of material fact and omitting to state material facts necessary to make the statements made not misleading. Diefendorf, as did all Class members, purchased Icahn Enterprises securities at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Icahn Enterprises' share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Class representatives must also have "sufficient interest in the outcome of the litigation to ensure vigorous advocacy." *Miller v. Dyadic Int'l, Inc.*, 07-80948-CIV-DIMITROULEAS, 2008 U.S. Dist. LEXIS 32271, at *19 (S.D. Fla. Apr. 18, 2008) (quoting *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253 (S.D.N.Y. 2003)).

8

Diefendorf has submitted a signed Certification declaring his commitment to protecting the interests of the Class.  *See* Goldstein Decl., Ex. C.  There is no evidence of antagonism or conflict between Diefendorf's interests and the interests of the Class.  The significant losses incurred by Diefendorf demonstrate that he has a sufficient interest in the outcome of this litigation.

Further demonstrating his adequacy, Diefendorf has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See* Goldstein Decl., Ex. D.

## III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with a lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Mulvaney v. GEO Group, Inc.*, 16-cv-81494-MIDDLEBROOKS, 2016 U.S. Dist. LEXIS 193402, at *8 (S.D. Fla. Nov. 18, 2016); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

Diefendorf has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume.  *See* Goldstein Decl., Ex. E.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  *See id.*  Petrobras is part of a long line of record-setting recoveries led by

Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *Id.*

Miller Shah is also well-qualified to serve as Liaison Counsel for the Class. As its firm resume reflects, Miller Shah maintains an office in Fort Lauderdale, Florida, and the firm specializes in securities class action matters, among other practice areas. *See* Goldstein Decl., Ex. F. Miller Shah's attorneys have experience in achieving substantial recoveries in class actions, and they have extensive familiarity with the Local Civil Rules and practice norms of this Judicial District.

As a result of their extensive experience in litigation involving issues similar to those raised in the Related Actions, Diefendorf's counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute the Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving the selection of counsel by Diefendorf, with Pomerantz and as Lead Counsel and Miller Shah as Liaison Counsel for the Class, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Diefendorf respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Diefendorf as Lead Plaintiff for the Class; and (3) approving Lead Plaintiff's selections of Pomerantz as Lead Counsel, and Miller Shah as Liaison Counsel, for the Class.

## CERTIFICATE REGARDING GOOD FAITH CONFERENCE

Pursuant to Local Civil Rule 7.1(a)(3), counsel for Diefendorf state that they could not confer with counsel for the opposing movants prior to filing the instant motion. The statutory

framework of the PSLRA requires all motions seeking Lead Plaintiff appointment to be filed within sixty days of the publication of the notice of pendency of the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). No such motions were filed meaningfully in advance of Diefendorf's motion, and it was not possible to confer with counsel for the other movants to determine whether the instant motion would be opposed or to attempt to resolve the issues raised by the motion.

Dated:  July 10, 2023

MILLER SHAH LLP

By: */s/ Jayne A. Goldstein*
    Jayne A. Goldstein
    Nathan C. Zipperian
    1625 N. Commerce Pkwy, Suite 320
    Fort Lauderdale, Florida 33326
    Telephone: (954) 903-3170
    Facsimile: (866) 300-7367
    jagoldstein@millershah.com
    nczipperian@millershah.com

*Counsel for John Diefendorf and Proposed Liaison Counsel for the Class*

POMERANTZ LLP
Jennifer Pafiti
(*pro hac vice* application forthcoming)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

*Counsel for John Diefendorf and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

11

12

*Additional Counsel for John Diefendorf*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2023, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF.

/s/ *Jayne A. Goldstein*
Jayne A. Goldstein

13