## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| OSANEME OKARO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ICAHN ENTERPRISES L.P., CARL C. ICAHN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO, <br><br> Defendants. | Case No. 1:23-cv-21773 |
| MICHAEL LEVINE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ICAHN ENTERPRISES L.P., CARL C. ICAHN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO, <br><br> Defendants. | Case No. 1:23-cv-22009 |

**PHILIP KOSOWSKY'S BRIEF IN OPPOSITION TO COMPETING MOTIONS FOR LEAD PLAINTIFF**

1

Movant Philip Kosowsky ("Kosowski") respectfully submits this memorandum of law in opposition to the competing motions for appointment of lead plaintiff and approval of lead counsel.

## PRELIMINARY STATEMENT

Currently pending before this court are seven competing motions for appointment of lead plaintiff and approval of lead counsel.[1,2] Pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), this Court is required to appoint as lead plaintiff the movant that is "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u4(a)(3)(B)(i). To that end, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that has the "largest financial interest in the relief sought by the class" and "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Thus the Court's determination of the "most adequate plaintiff" typically begins and ends with a determination of the financial interests of the competing movants.

Here, Kosowsky, incurred losses of approximately $2,974,111 on a last-in-first-out ("LIFO") basis and $3,249,179 on a first-in-first-out (FIFO") basis on his class period transactions in Icahn Enterprises, L.P. ("IEP") securities. While courts have recognized both methodologies, LIFO is the generally preferred methodology for calculating losses. *See Foley v. Transocean, Ltd.,* 272 F.R.D. 126, 129 (S.D.N.Y. 2011). As indicated by the table below, *see* page 6, *infra*, and as set forth in more detail below, Kosowsky's losses represent the largest financial interest of any movant, thus establishing that he is the presumptive lead plaintiff. Moreover, as set forth below,

---

[1] The competing motions were filed by Kosowsky (Dkt. No. 20), John Haworth and James Gillespie (Dkt. No. 23), Andrew Goldstein (Dkt. No. 26), Alvaro Aranda (Dkt. No. 12), John Difendorf (Dkt. No. 27), Brian Harris (Dkt No. 25), Jason Carlson (Dkt. No. 16), Ron Heider (Dkt. No. 10), Brett Morris (Dkt. No. 21) and Colen Ochel (Dkt. No. 17). Subsequently, movant Ochel withdrew his motion (Dkt. No. 38) and movants Carlson and Diefendorf filed notices of non-opposition (Dkt. Nos. 39, 40).

[2] Several of the competing motions for lead plaintiff also seek consolidation of the related actions. As set forth in his motion, Kosowsky supports consolidation of the above-captioned actions.

all but one of the many factors that courts generally utilize in assessing competing applicants' financial interests support Kosowsky's motion and work against each of the competing motions.

Kosowsky satisfies all the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, and is thus the presumptive lead plaintiff and there is no basis upon which the other movants can rebut the strong presumption in favor of appointing Kowsowsky as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

## ARGUMENT

The PSLRA creates a strong presumption that the lead plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Thus, the movant with the largest financial interest in the outcome of the litigation must make only a preliminary showing that he satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure. *Mulvaney v. Geo Grp., Inc*., Case Number 16-cv-81494, 2016 U.S. Dist. LEXIS 193402, at *6 (S.D. Fla. Nov. 21, 2016) ("[A]t the lead plaintiff selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate."). Once this presumption is triggered, it can only be rebutted upon a showing that the presumptive lead plaintiff will not fairly represent the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here there is no question that movant Kosowsky has the largest financial interest in the outcome of the litigation. And, having made a sufficient showing that his claims are typical of those of his fellow class members and that he will adequately serve as lead plaintiff, Kosowsky has demonstrated that he should be appointed lead plaintiff.

### 1.     Having the Largest Financial Interest In the Action, Kosowsky Is the Presumptive Lead Plaintiff

"Given the PSLRA's framework, the person(s) or entity with the greatest financial interest generally enjoys the rebuttable presumption that he, she, or it is the most adequate plaintiff to serve as lead plaintiff." *In re Jan. 2021 Short Squeeze Trading Litig*., Case No. 21-2989-MDL, 2021

U.S. Dist. LEXIS 199545, at *2, (S.D. Fla. Oct. 15, 2021) (citing *Kornfield v. Opteum Inc.*, Case No. 07-14278-CIV- and 07-14305-CIV, 2008 U.S. Dist. LEXIS 142668, at *11 (S.D. Fla. Sept. 29, 2008); *Steppacher v. ALFI, Inc.*, Case No. 21-24232-CIV, 2022 U.S. Dist. LEXIS 68790, *8 (S.D. Fl. April 13, 2022) ("[T]he most important factor in determining the lead plaintiff is the amount of financial interest claimed."); *Luczak v. Nat'l Beverage Corp.*, Case No. 18-CV-61631, 2018 U.S. Dist. LEXIS 229976, 2018 WL 9847842, at *1 (S.D. Fla. Oct. 12, 2018) (same).

While the PSLRA does not establish a formula for courts to use in making the assessment of which movant has the largest financial interest in the action, courts within this District have considered, *inter alia*, (1) the number of shares purchased during the class period; (2) the amount of the investment, and (3) the estimated losses suffered when identifying the movant with the largest financial interest in the outcome of the action. *See Miller v. Dyadic*, Case No. 07-80948-CIV, 2007 WL 4754041 *2 (S.D. Fla., December 14, 2007); *see also In re January 2021 Short Squeeze Trading Litig.*, 2021 U.S. Dist. LEXIS 199545 (same). The greatest weight is placed on the third of these factors, the estimated losses suffered. *Id*. at *4 ("Most courts accord the third factor, the estimated losses, the greatest weight."). *See also Kornfield v Opteum, Inc.*, 2008 U.S. Dist. LEXIS 142668 at *4 (focusing on the applicants who suffered the greatest loss); *Steppacher v. ALFI, Inc.,* 2022 U.S. Dist. LEXIS 68790, at *15 ("weighing estimated losses most heavily in determining which lead plaintiff movant has the greatest financial interest"); *Montesano v. Eros Int'l PLC*, Civ. No. 19-14125, 2020 U.S. Dist. LEXIS 65909, *8 (D.N.J. April 14, 2020) (applying the greatest weight to the largest financial loss). As set forth below, by all of these measures, Kosowsky has the largest financial interest in the outcome of the litigation.

Other courts, adopting the factors articulated in *Lax v First Merch. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 12432, at *18 (N.D.Ill. Aug. 11, 1997) and *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y.1998); *Luczak v. Nat'l Bev. Corp.*, 2018 U.S. Dist. LEXIS 229976 at *3; consider the following factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. Courts weighing

the *Lax* factors typically accord the most weight to the fourth factor, approximate losses suffered, especially where, as here, multiple corrective disclosures are alleged. *See In re Wrap Techs., Inc., Sec. Exch. Act Litig.,* CV 20-8760, 2021 U.S. Dist LEXIS 3690, *5-*8 (C.D. Cal. Jan. 7, 2021) (holding that LIFO calculation of approximate losses suffered is the "most important consideration" in an action alleging multiple corrective disclosures); *see also Crews v. Rivian Auto., Inc.*, 2022 U.S. Dist. LEXIS 118795, *10-*11 (C.D. Cal. July 1, 2022) (noting that the Lax factors are weighted in favor of estimated losses using LIFO methodology and rejecting an alternative "recoverable loss" methodology as unworkable in light of multiple alleged corrective disclosures).

As set forth in the table below, ***these measures demonstrate that Kosowsky has the largest financial interest in the outcome of the litigation***. Kosowsky's losses are substantially higher, 16.3% (a difference of $417,336), than the combined losses of John Haworth and James Gillespie, who have moved for appointment as lead plaintiff as a group (their individualized losses are also provided for the court's convenience). Kosowsky's loss is 19.887% higher than the next largest individual movant (Andrew Goldstein). Kosowsky's losses are also significantly higher, 28.69%, than the fourth highest movant, Alvaro Aranda, notwithstanding the fact that Aranda's net shares

purchased were modestly higher.[3] Kosowski also purchased the most shares of IEP stock and expended the most net funds during the Class Period compared to all of the other lead plaintiff applicants, as shown below:[4]

---

[3]     Significantly, more than 63% of movant Alvaro's class period purchases (129,751 of 205,134 shares purchased) were made between May 2 through May 5, 2023, which was immediately *after* the first alleged corrective disclosure, the release of the Hindenburg Report. Courts have found similar trading patterns disqualifying. In *In re Cardinal Health, Inc., Sec. Litig.*, 226 F.R.D. 298, 310 (S.D. Ohio Jan. 26, 2005), the court held that where a presumptive lead plaintiff "incurred the vast bulk of its injury" after public disclosure of the fraud, the trading patterns made it "susceptible to claims" that it "did not rely on the Defendants' alleged misrepresentations when purchasing" the securities at issue, finding that the applicant's "presumption of typicality and adequacy [was] rebutted." *See also In re Petrobras Secs. Litig.*, 104 F. Supp. 3d 618, 623 (S.D.N.Y 2015) (finding movants whose purchases followed the initial corrective disclosure to be "subject to unique defenses"). Thus, even if Alvaro, the movant with the fourth highest approximate loss, but with the most net purchases during the class period, were deemed to be the presumptive lead plaintiff, which he is not, he is subject to unique defenses that disqualify him from serving as the lead plaintiff in this matter. In contrast, Kosowsky – the applicant with the highest LIFO and FIFO losses by a significant amount – purchased just 4.6% of his shares (14,000 of 304,718 shares purchased) after the Hindenburg Report was issued, so that the vast bulk of Kosowsky's losses resulted from his pre-Hindenburg Report purchases.

[4]     The numbers in the chart are taken from the certifications and lead plaintiff motions filed on July 10, 2023. The approximate losses in the chart for each moving party could be affected by a provision in the PSLRA that requires a 90-day stock price look-back period when calculating damages. Although that period will not expire until August 7, 2023, if there are changes to the losses listed in the chart necessitated by IEP's stock price movement, they will not materially change the calculation of approximate losses for the purpose of the competing motions.

| Movant | Number of Shares Purchased | Number of Net Shares Purchased | Net Funds Expended | Approximate Losses Suffered (LIFO) | Approximate Losses Suffered (FIFO) |
|---|---|---|---|---|---|
| ***Kosowsky, Philip*** | ***304,718*** | 119,000 | ***$6,244,906.63*** | ***$(2,974,111)*** | ***$(3,249,179)*** |
| Haworth, John and Gillespie, James | 111,500 | 111,500 | $5,696,153.33 | $(2,556,775.64) | |
| Haworth, John | 77,500 | 77,500 | $3,987,370.57 | $(1,805,291.9) | |
| Gillespie, James | 34,000 | 34,000 | $1,708,782.76 | $ (751,483.74) | |
| Goldstein, Andrew | 137,971 | 82,541 | $4,804,864.51 | $(2,480,854.52) | |
| Aranda, Alvaro | 205,134 | 129,601 | $5,959,476.69 | $(2,311,131.40) | |
| Harris, Brian | 51,729 | 68 | $1,181,896.74 | $(1,179,993.24) | |
| Heider, Ron | 25,608 | 25,608 | $1,383,641.32 | $(666,805.75) | |
| Morris, Brett | 18,170 | 2,708 | $385,907.97 | $(309,523) | |

### 2.      Kosowsky Otherwise Satisfies the Requirements of Rule 23

As set forth in his opening brief, movant Kosowsky's claims are typical of those of his fellow class members and he has established that he will adequately represent the interests of the class. *See, generally*, Dkt. No. 20 at 7-11.

The typicality requirement of Rule 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Prado-Steinman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000) *quoting* De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (C.D. Ill. 1981); *Piven v. Sykes Enters.*, 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000) (same). Here, Kosowsky purchased Icahn Enterprises securities during the class period at prices inflated by defendants' materially false and misleading statements, and was damaged thereby.

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Class representatives must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV-DIMITROULEAS, 2008 U.S.

Dist. LEXIS 32271, at *19 (S.D. Fla. Apr. 18, 2008) (quoting *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253 (S.D.N.Y. 2003)). There is no evidence of antagonism or conflict between his interests and those of the Class, nor is Kosowsky aware of any unique defenses Defendants could raise that would render him an inadequate representative of the proposed Class. Moreover, Kosowsky's significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

## **CONCLUSION**

Having established that he has the largest financial interest in the outcome of the litigation and having further made a sufficient showing that his claims are typical of those of the class and that he will adequately represent the interests of the class, Kosowsky respectfully requests that the Court appoint him as lead plaintiff and approve his choice of lead counsel.

Dated: July 24, 2023

Respectfully submitted,

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Howard M. Bushman
Florida Bar No. 0364230
Barbara C. Lewis
Florida Bar No. 118114
THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423
adam@moskowitz-law.com
howard@moskowitz-law.com
barbara@moskowitz-law.com

**-and-**

Jeffrey A. Barrack
BARRACK, RODOS & BACINE
Two Commerce Square
2001 Market Street, Suite 3300
Philadelphia, PA 19103

9

Telephone: (215) 963–0600
Facsimile: (215) 963–0838
jbarrack@barrack.com

*pro hac vice motion filed*

and

Stephen R. Basser
Samuel M. Ward
BARRACK, RODOS & BACINE
600 West Broadway, Suite 900
San Diego, CA  92101
Telephone:  (619) 230-0800
Facsimile: (619) 230-1874
sbasser@barrack.com
sward@barrack.com

*pro hac vice motions filed*

*Counsel for Philip Kosowsky and Proposed Lead Counsel for the Class*

9