## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| OSANEME OKARO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ICAHN ENTERPRISES L.P., CARL C. ICAHN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO,<br><br>Defendants. | Case No. 1:23-cv-21773 |
| MICHAEL LEVINE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>ICAHN ENTERPRISES L.P., CARL C. ICAHN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO,<br><br>Defendants. | Case No. 1:23-cv-22009 |

**PHILIP KOSOWSKY'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................................ 1

II.    THE STANDARDS FOR IDENTIFYING THE PRESUMPTIVE OR "MOST
       ADEQUATE" LEAD PLAINTIFF ................................................................................... 1

       A.   The Competing Movants Tacitly Admit Estimated Losses Are the Most Important
            Factor ...................................................................................................................... 2

       B.   Kosowsky's Certification Meets the Requirements of the PSLRA .............................. 3

       C.   Kosowsky Has Provided Complete and Accurate Transaction Data to the Court ......... 4

III.   BASELESS SPECULATION REGARDING KOSOWSKY'S TRADING DOES
       NOT REBUT THE PRESUMPTION IN HIS FAVOR ...................................................... 4

       A.   Kosowsky is Not a Day Trader and His Trading Patterns Are Not an Adequate
            Basis to Disqualify Him ........................................................................................... 5

       B.   The Competing Movants Rely on Readily Distinguishable Case Law .......................... 7

IV.    KOSOWSKY'S CHOICE OF LEAD COUNSEL SHOULD BE APPROVED ................. 8

V.     CONCLUSION ................................................................................................................. 9

**TABLE OF AUTHORITIES**

**CASES**                                                                                          **PAGE(S)**

*Applestein v. Medivation, Inc.*,
  No. C 10-00998 MHP, 2010 U.S. Dist. LEXIS 98255 (N.D. Cal. Sept. 17, 2010) ................. 7

*Bang v. Acura Pharms., Inc.*, Case No. 10 C 4596, 2011 U.S. Dist. LEXIS 2550
  (N.D. Ill. Jan. 11, 2011)…………………………………………………………………..8

*Batter v. Hecla Mining Co. et al*, Nos. 19-cv-4883 (ALC), 19-cv-05719 (ALC),
  2020 U.S. Dist. LEXIS 51665 (S.D.N.Y. Mar. 25, 2020)…………………………………..8

*Chauhan v. Intercept Pharms.*,
  No. 21-cv-00036 (LJL), 2021 WL 235890 (S.D.N.Y. Jan. 25, 2021) .....................................6

*City of Mia. Beach v. Aracruz Cellulose S.A.*, No. 08-23317-CIV, 2009 U.S. Dist.
  LEXIS 140999 (S.D. Fla. Aug. 7, 2009)…………………………………………..........9

*Doherty v. Pivotal Software, Inc.*, Case No. 3:19-cv-03589-CRB, 2019 U.S. Dist.
  LEXIS 195360 (N.D. Cal. Nov. 8, 2019)..…………………………………………………7

*Eichenholtz v. Verifone Holdings, Inc.*, No. C07-06140MHP, 2008 WL 3925289
  (N.D. Cal. Aug. 22, 2008)…………………………………………………………………...7

*Foley v. Transocean Ltd.*, 272 F.R.D. 126 (S.D.N.Y. 2011)…………………………………6

*Herrgott v. U.S. Dist. Court for the N. Dist. of Cal.  (In re Cavanaugh)*,
  306 F.3d 726 (9th Cir. 2002)  .................................................................................................2

*Hurst v. Enphase Energy, Inc*., No. 20-cv-04036-BLF, 2020 U.S. Dist. LEXIS
  223696 (N.D. Cal. Nov. 30, 2020)..…………………………………..…………………..10

*In re Boeing Co. Aircraft Secs. Litig*., No. 19-cv-02394, 2020 U.S. Dist. LEXIS 15012
  (N.D. Ill. Jan 28, 2020)…………………………………………………………………..8

*In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001) ................................................. 1

*In re Gemstar-TV Guide Int'l, Inc. Sec. Litig*., 209 F.R.D. 447 (C.D. Cal. 2002)………………..8

*In re HEXO Corp. Sec. Litig.*, No. 19-cv-10965, 2020 U.S. Dist. LEXIS 32381
  (S.D.N.Y. Sept. 11, 2020)……………………………………………………………………7

*In re Host Am. Corp. Secs. Litig.*, 236 F.R.D. 102 (D. Conn. 2006)  ............................................ 5

*In re January 2021 Short Squeeze Trading Litig.*, CASE NO. 21-2989-MDL-
  ALTONAGA/Torres, 2021 U.S. Dist. LEXIS 199545 (S.D. Fla. Oct. 14, 2021) ................2, 4

*In re Molycorp, Inc. Secs. Litig.*, Civil Action No. 12-cv-0292-WJM-KMT,
  2012 U.S. Dist. LEXIS 89191 (D. Colo. May 29, 2012) .......................................................7

*In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679-SVW-AGR, 2019 U.S. Dist. LEXIS
  88379 (C.D. Cal. Apr. 1, 2019) ...........................................................................................8

*In re Zynga, Inc. Secs. Litig.*, No. C 12-04007 JSW, 2013 U.S. Dist. LEXIS 9314
(N.D. Cal. Jan. 22, 2013) ........................................................................................... 7

*In re Enzymotec Ltd. Sec. Litig.*, Civil Action No. 14-5556, 2015 U.S. Dist. LEXIS 25720
(D.N.J. Mar. 3, 2015).…………………………………………………………………..9

*Kornfield v. Opteum Inc.*, No. 07-14305-CIV-GRAHAM/LYNCH, 2008 U.S. Dist. LEXIS
142668 (S.D. Fla. Sept. 29, 2008) ........................................................................... 2

*Luczak v. Nat'l Beverage*, 548 F. Supp. 3d 1256 (S.D. Fla. July 12, 2021)…………………….9

*Montesano v. Eros Int'l Pub. Ltd. Co.*, Civil Action No. 19-18547 (ES)(SCM),
2020 U.S. Dist. LEXIS 65909 (D.N.J. Apr. 14, 2020) ........................................... 2

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394 (D. Del. 2014) .......... 2, 5

*Patel v. Reata Pharms., Inc.*, 549 F. Supp. 3d 559 (E.D. Tex. 2021) ............................................. 4

*Perez v. Hexo Corp.*, No. 20 Civ. 00196 (NRB), 2020 U.S. Dist. LEXIS 32381
(S.D.N.Y. Feb. 25, 2020) ......................................................................................... 7

*Perlmutter v. Intuitive Surgical, Inc.*, No.: 10-CV-03451-LHK, 2011 U.S. Dist.
LEXIS 16813 (N.D. Cal. Feb. 15, 2011) ................................................................. 5

*Piven v. Sykes Enter., Inc.*, 137 F. Supp. 2d 1295 (M.D. Fla. 2000)………………….................8

*Plymouth Cty. Ret. Sys. v. Apache Corp.*, 566 F. Supp. 3d 712 (S.D. Tex. 2021)…………………….9

*Prefontaine v. Rsch. in Motion Ltd.*, No. 11 Civ. 5472 (RJS), 2012 U.S. Dist.
LEXIS 4238 (S.D.N.Y. Jan. 5, 2012) ........................................................................6, 7

*Roby v. Ocean Power Techs.*, No. 14-cv-4592 (FLW) (TJB), 2015 U.S. Dist. LEXIS
42388 (D.N.J. Mar. 17, 2015) ................................................................................. 2

*Rodriguez v. Draft Kings, Inc.*, No. 21 Civ. 5739, 2021 U.S. Dist. LEXIS 219486
(S.D.N.Y. Nov. 12, 2021)...……………………………………………………..9

*Schaffer v. Horizon Pharma PLC*, 16-CV-1763 (JMF), 2016 U.S. Dist. LEXIS 83175
(S.D.N.Y. June 27, 2016)………………………………………………………..9

*Scheller v. Nutanix, Inc.,* Case No. 19-cv-01651-WHO, 2021 U.S. Dist. LEXIS 112372
(N.D. Cal. June 10, 2021)……………………………………………………….9

*Shaffer v. Digital Generation, Inc.*, Civil Action No. 3:13-CV-1684-N, 2013 U.S.
Dist. LEXIS 204461 (N.D. Tex. Sept. 19, 2013)…………………………………….8

*Sczesny Tr. v. KPMG L.L.P.*, 223 F.R.D. 319 (S.D.N.Y. 2004) ........................................................4

*Sklar v. Amarin Corp. Pub. Ltd. Co.*, Civil Action No. 13-cv-07794 (FLW) (TJB), 2014 U.S.
Dist. LEXIS 103051 (D.N.J. July 29, 2014) ........................................................ 7

*Steppacher v. ALFI, Inc., Case No. 21-24232-CIV-WILLIAMS*, 2022 U.S. Dist. LEXIS
68790 (2022) ........................................................................................................... 2

*Strong v. Athrocare Corp.*, No. A-08-CA-574-SS, 2008 U.S. Dist. LEXIS 145799
(W.D. Tex. Dec. 10, 2008) ..................................................................................... 3

iii

*Tsirekidze v. Syntax-Brillian Corp.*, 2008 U.S. Dist. LEXIS 118562 (D. Ariz. Apr. 4, 2008)..…..9

**STATUTES**

15 U.S.C. § 78u-4(a)(2) ............................................................................................................4

15 U.S.C. § 78u-4(a)(3) ........................................................................................................1, 10

**RULES**

Rule 23 of the Federal Rules of Civil Procedure ....................................................................... 1, 4

I.      **INTRODUCTION**

Faced with the fact that they do not have the largest financial interest in the outcome of the above-captioned actions, movants Haworth and Gillespie, Goldstein, and Aranda (the "Competing Movants") pivot to a series of assertions challenging Koswosky, the movant who does have the largest financial interest in the outcome of the litigation. As set forth below, these challenges are speculative, inaccurate, and inconsistent with the weight of case law. As Kosowsky has the largest financial interest in the outcome of the action and has made a *prima facie* showing of typicality and adequacy, he is the presumptive lead plaintiff. The Competing Movants have failed to meet the PSLRA's standard for rebutting that presumption. Accordingly, Kosowsky should be appointed as Lead Plaintiff and his selection of Barrack, Rodos & Bacine as Lead Counsel should be approved.

II.     **THE STANDARDS FOR IDENTIFYING THE PRESUMPTIVE OR "MOST ADEQUATE" LEAD PLAINTIFF**

The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that has the "largest financial interest in the relief sought by the class" and "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(1). Once the presumptive lead plaintiff is determined by applying the criteria laid out in the PSLRA, this presumption "may be rebutted only upon *proof* by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."[1] 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

"Proof" means "*actual proof*" to rebut the presumption of the most adequate plaintiff. *In re Cendant Corp. Litig.*, 264 F.3d, 201, 269 (3rd Cir. 2001). "Mere *speculation* about a unique defense does not meet this standard. . . . The burden is on the [members of the class] to come forward with some proof that the unique defenses raised are legitimate issues that will likely be litigated at trial." *OFI Risk Arbitrages v. Cooper Tire and Rubber Co.*, 63 F. Supp. 3d 394, 403, 404 (D. Del. 2014). Application of the PSLRA standard "provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002). Moreover, "once the presumption has been

---

[1] Emphasis added and internal citations and quotations omitted unless stated otherwise.

triggered . . . the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and adequate job." *Roby v. Ocean Power Techs*., Case No. 14-cv-3799 (FLW)(LHG), 2015 U.S. Dist. LEXIS 42388, *20 (D. N.J. March 17, 2015).

### A. The Competing Movants Tacitly Admit Estimated Losses Are the Most Important Factor

In their opening briefs, the Competing Movants urged this Court to adopt the calculation of losses on a LIFO basis as the primary means of determining the movant with the largest financial interest. *See* Dkt. No. 12-1 at 1 ("Movant [Aranda], with losses of approximately $2,311,131.40, believes that he has the largest financial interest in the outcome of the Actions"); Dkt. No. 23 at 2 ("Movants [Haworth and Gillespie] are the 'most adequate plaintiff' by virtue of, among other things, their collective losses of $2,556,775.64"); Dkt. No 26-1 at 4 ("Mr. Goldstein seeks recovery of a loss of more than $2.4 million on Class Period purchases of IEP depositary units under the prevailing last-in-first-out ("LIFO") accounting method.").

The Competing Movants' reliance on calculated losses is consistent with the weight of case law in this District (as well as others) that puts the emphasis on the estimated losses suffered. *In re January 2021 Short Squeeze Trading Litig*., Case No. 21-2989-MDL-ALTONAGA/Torres, 2021 U.S. Dist. LEXIS 199545, *24 (S.D. Fla. Oct. 15, 2021) ("Most courts accord the third factor, the estimated losses, the greatest weight."); *see also Kornfield v Opteum, Inc*., Case No. 07-14278-CIV-GRAHAM/LYNCH; Case No. 07-14305-CIV-GRAHAM/LYNCH, 2008 U.S. Dist. LEXIS 142668, *4 (same); *Steppacher v. ALFI, Inc.,* Case No. 21-24232-CIV-WILLIAMS, 2022 U.S. Dist. LEXIS 68790, at *15 ("weighing estimated losses most heavily in determining which lead plaintiff movant has the greatest financial interest"); *Montesano v. Eros Int'l PLC*, Civ. No. 19-14125, ; Civil Action No. 19-14445 (KM)(JBC), 2020 U.S. Dist. LEXIS 65909, *8 (D. N.J. April 14, 2020) (same); *Strong v. Athrocare Corp.*, No. A-08-CA-574-SS, 2008 U.S. Dist. LEXIS 145799, at *21 (W.D. Tex. Dec. 10, 2008) ("Courts consistently consider the fourth factor—the approximate losses suffered—as most determinative in identifying the plaintiff with the largest financial loss.").

In his opposition brief, movant Aranda acknowledges that Kosowsky has, by three of the four factors considered by courts, the largest financial interest in the outcome of the actions, including, as discussed above, the most significant of those four factors, the largest losses. Dkt. No. 47 at 12. Similarly, movants Haworth and Gillespie acknowledge combined losses of

2

$2,556,775.64, lower than Kosowsky's $2,974,111.00 loss. *See* Dkt. No. 46 at 5, Dkt. No. 20 at 11. Finally, Goldstein acknowledges that his FIFO losses are third in line, substantially lower than those of Kosowsky. Dkt. No. 48 at 8.

      **B.**      **Kosowsky's Certification Meets the Requirements of the PSLRA**

Kosowsky's Certification, filed with his motion for lead plaintiff, meets the stated requirements of the PSLRA:

> (i) states that the plaintiff has reviewed the complaint and authorized its filing;
>
> (ii) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this title;
>
> (iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;
>
> (iv) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;
>
> (v) identifies any other action under this title, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class; and
>
> (vi) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

15 U.S.C. § 78u-4(a)(2)(A). *See also* Dkt. No. 20-1 at 69. Coupled with the fact that Kosowsky has the largest financial interest, this presents a *prima facie* showing that he is qualified under Federal Rule of Civil Procedure 23 sufficient to establish that he is the presumptive lead plaintiff. Dkt. No. 20 at 11-13. "Courts regularly reject the notion that detailed background information is required by a lead-plaintiff movant to show that he or she is adequate and typical." *Patel v Reata Pharms., Inc.*, 549 F. Supp. 3d 559, 570 (E.D. Tex. 2021), *citing Kasilingam v. Tilray, Inc.*, No. 1:20-CV-03459, 2020 U.S. Dist. LEXIS 140885, at *8-*9 (S.D.N.Y. Aug. 6, 2020) (rejecting claims that movant provided insufficient personal information and holding that "the Court is not required to peer into these questions where it otherwise finds adequacy"). *See also Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004) (rejecting "conclusory assertions" that "there is no evidence" movant "has any experience in business affairs that would qualify them" to oversee litigation); *In re January 2021 Short Squeeze, supra*, 2021 U.S. Dist. LEXIS 199545, at *32-*33 (rejecting "unfounded" objections and holding that movant who lost "significantly more"

than competing movants and attested that he was "willing" to litigate the action on behalf of a class whose losses arose from a "common course of conduct" should be appointed lead plaintiff).

While it is unnecessary under the requirements of the PSLRA, Kosowsky has provided the Supplemental Declaration of Philip Kosowsky (the "Supp. Decl."), filed herewith as Exhibit 1 to the Supplemental Declaration of Samuel M. Ward, detailing his background, business experience, experience trading stock, and ability and experience in overseeing litigation. This is more than sufficient to address the specious claims raised by the Competing Movants.

**C.  Kosowsky Has Provided Complete and Accurate Transaction Data to the Court**

For the convenience of the Court, Kosowsky provided his relevant transaction information calculated on both a Last-In-First-Out ("LIFO") and First-In-Last-Out ("FIFO") basis, consistent with, as noted above, the most significant factor in identifying the movant with the largest financial interest in the actions. These charts identify ***all relevant purchases and sales by Kosowsky and the date, number of shares, and price per share of said purchases and sales***.  Dkt. No. 20-1 at 70-94. *See In re Host Am. Corp. Secs. Litig.*, 236 F.R.D. 102, 107 n. 7 (D. Conn. 2006) (rejecting objections to the format of a movant's certification). Indeed, while criticizing Kosowsky's formatting, Aranda (Dkt. No. 47 at 10) acknowledges that Kosowsky provided data setting forth his class period transactions in Icahn Enterprises common stock.  Similarly, Haworth and Gillespie note transaction details of Kosowsky's purchases and sales. Dkt. No. 46 at 1-23.  Given the Competing Movants' ability to identify Kosowsky's transactions, the contention that his provision of data was inadequate should be rejected.

**III.  BASELESS SPECULATION REGARDING KOSOWSKY'S TRADING DOES NOT REBUT THE PRESUMPTION IN HIS FAVOR**

As set forth in his Supplemental Declaration, when trading, Kosowsky selects an option that allows for trading during market hours, after the close of the market, or in the hours prior to the market opening. Supp. Decl., ¶ 4. Kosowsky asserts that, as a result, purchases and sales of IEP stock may be made at prices that are outside of the range of trading prices during trading hours. *Id*. Aranda and Haworth and Gillespie fail to do more than speculate as to the inaccuracy of Kosowsky's transaction data. Indeed, Aranda inquired in a letter to Kosowsky's counsel about the transactions he questions, but Aranda's opposition brief ignores the logical explanation provided by Kosowsky, continuing to falsely assert that the transactional data was inaccurate. Dkt. No. 47 at 11-12. In similar circumstances, the court in *Perlmutter v. Intuitive Surgical, Inc.*, Case No. 10-

CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, at *43-*44 (N.D. Cal. Feb. 15, 2011) squarely rejected Aranda's argument:

> Specifically, Perlmutter, and Marcus, claim that St. Louis reported trades at prices outside the range of prices for Intuitive stock on the dates reported. St. Louis PRS, however, proffered a reasonable explanation for the alleged inaccuracy. According to St. Louis PRS, the trading prices it reported go beyond the range of trading prices for that day because St. Louis PRS engaged in after-hours trading. As alleged by St. Louis PRS, after-hours trading prices are not listed. Thus, St. Louis claims that its certification of its stock trades is correct.

The burden is on the opposing movants to "show" a "legitimate issue in order to rebut the presumption." *OFI Risk Arbitrages*, 63 F. Supp. 3d at 403 (D. Del. 2014). *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 133 (S.D.N.Y. 2011). Neither the assertions of Aranda nor those of Haworth and Gillespie meet this bar and, thus, they should be rejected.

### A.     Kosowsky is Not a Day Trader and His Trading Patterns Are Not an Adequate Basis to Disqualify Him

The Competing Movants each speculate that Kosowsky is a "day trader" and is thus somehow barred from appointment as lead plaintiff.  Dkt. No. 46 at 14-17, Dkt. No. 47 at 16-19. Investopedia.com defines a day trader as*, inter alia*, as "generally clos[ing] out [positions] before the end of the day so that no risk is held after hours or overnight."[2] This is **not** consistent with Kosowsky's trading patterns over the course of the lengthy class period, since he built up a substantial position in IEP stock that led to the losses he incurred. Supp. Decl. ¶ 3.  Moreover, Kosowsky has identified his trading strategy as being dependent on the dividend that IEP paid and market movement and, thus, the market price of the stocks that he purchases.  Supp. Decl. ¶ 3. *See Chauhan v. Intercept Pharms.*, No. 21-cv-00036(LJL), 2021 WL 235890, at *6 (S.D.N.Y. Jan. 25, 2021) (declining to disqualify presumptive lead plaintiff who bought and sold multiple sets of shares in a day or over a series of days "absent evidence that [he] did not rely on the integrity of the market price").

Contrary to the assertions of the Competing Movants, even if Kosowsky were a day trader, which he is not, the weight of case law in multiple jurisdictions holds that trading patterns that include frequent trading are not sufficient to defeat adequacy and typicality, even where such traders are labelled "day traders."

> the prevailing view . . . is that 'day and momentum traders have the same incentives to prove defendants' liability as all other class members, and their presence in a

---

[2] https://www.investopedia.com/terms/d/daytrader.asp, last visited July 27, 2023.

> securities class does not create intra-class conflicts.'" *Prefontaine v. Research in Motion Ltd.*, No. 11-cv-4068, 2012 U.S. Dist. LEXIS 4238, (S.D.N.Y. Jan. 5, 2012) (alleged "day trader" who had over 21,000 transactions in a 6-month time period was "typical").

*In re Molycorp, Inc. Sec. Litig.*, Civil Action No. 12-cv-0292-WJM-KMT, 2012 U.S. Dist. LEXIS 89191, *10 (D. Colo. May 29, 2012) (rejecting "speculation that a movant may be either atypical or inadequate"). *See also Sklar v. Amarin Corp. PLC*, Civil Action No. 13-cv-06663 (FLW), 2014 U.S. Dist. LEXIS 103051, *30 (D. N.J. July 29, 2014) ("most other courts" have held that allegations of day trading are not sufficient to rebut a *prima facie* showing of adequacy and noting that courts have "retreated from" a prior decision in *Eichenholtz v. Verifone Holdings, Inc.*, No. C07-06140MHP, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008)). *Id.* at *26 n. 6, finding *Applestein v. Medivation, Inc.*, 2010 U.S. Dist. LEXIS 98255 N.D. Cal. Sept. 17, 2010 inconsistent with more recent holdings in the Northern District of California. *See also Doherty v. Pivotal Software, Inc.*, Case No. 3:19-cv-03589-CRB, 2019 U.S. Dist. LEXIS 195360, *20 n. 6 (N.D. Cal. Nov. 8, 2019) ("courts in the Ninth Circuit have held that being a day trader is not necessarily disqualifying"); *In re Zynga, Inc. Secs. Litig.*, No. C 12-04007 JSW, 2013 U.S. Dist. LEXIS 9314, at *6 (N.D. Cal. Jan. 22, 2013) ("the Court finds that whether [movant] is a day trader is inconsequential to his request to be appointed lead plaintiff"); *Perez v. Hexo Corp.*, No. 19-cv-10965 (NRB), 2020 U.S. Dist. LEXIS 32381, at *9-*10 (S.D.N.Y. Feb. 25, 2020), *reconsideration denied sub nom. In re HEXO Corp. Sec. Litig.*, No. 19-cv-10965, 2020 U.S. Dist. LEXIS 32381, (S.D.N.Y. Sept. 11, 2020) (whether presumptive lead plaintiff was a day trader was immaterial given "prevailing view in this Circuit that 'day and momentum traders have the same incentives to prove defendants' liability as all other class members, and their presence in a securities class does not create intra-class conflicts'") (quoting *Prefontaine v. Rsch. in Motion Ltd.*, No. 11-cv-4068 (RJS), 2012 U.S. Dist. LEXIS 4238, at *13 (S.D.N.Y. Jan. 5, 2012)).[3] Accordingly, the Competing Movants have

---

[3] Kosowsky previously noted that Movant Aranda purchased the bulk of his IEP shares (129,751 shares of the total 205,134 shares purchased, or 63.25%) after the issuance of the Hindenburg Report that provided notice of the claims being asserted in this Action against Icahn Enterprises, which calls into question Aranda's ability to adequately represent the class. Dkt. No. 45 at 6 n. 3. Aranda's transaction records show that in relation to the Hindenburg Report, which was issued on May 2, 2023: (a) Aranda bought 150 shares on May 2; (b) bought another 48,600 shares on May 4; (c) *sold* 75,533 shares that same day, on May 4; and (d) purchased another 81,001 shares on May 5. This series of purchases and sales from May 2 through May 5, 2023, all made at a reduced price caused by the Hindenburg Report, further confirms Aranda's inadequacy to serve as a lead plaintiff. Indeed, courts have held that movants who make most of their purchases following a corrective disclosure are not adequate lead plaintiffs. *In re Snap Sec. Litig.*, Case No. 2:17-cv-

failed to prove that Kosowsky has any less incentive than other class members to prove defendants' liability.

**B.      The Competing Movants Rely on Readily Distinguishable Case Law**

In challenging Kosowsky's motion for lead plaintiff, the Competing Movants rely heavily on readily distinguishable cases that typically fall into one of two buckets.

First, they cite to cases in which the movant at issue was not the presumptive lead plaintiff because the movant did not have the largest loss. *See, e.g.* Dkt. No. 46 at 6, citing *Piven v. Sykes Enter., Inc.,*, 137 F. Supp. 2d 1295, 1304 (M.D. Fla. 2000) (movant at issue was not the presumptive lead plaintiff based on its asserted losses); Dkt No. 46 at 5, citing *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447 (C.D. Cal. 2002) ("The Court does not presume that the Gads are best-suited to act as lead plaintiffs, as they claim losses of $2.6 million, in contrast to the pension funds' claimed-losses of approximately $10 million."); Dkt No. 47 at 12, citing *Bang v. Acura Pharms., Inc.*, Case No. 10 C 4596, 2011 U.S. Dist. LEXIS 2550, *9 (N.D. Ill. Jan. 11, 2011) (rejecting movant with the second highest losses in favor of a group with a higher loss); Dkt. No. 47 at 12, citing *Shaffer v. Digital Generation*, Inc., Civil Action No. 3:13-CV-1684-N, 2013 U.S. Dist. LEXIS 204461, *5 n.2 (N.D. Tex. Sept. 19, 2013) (appointing the plaintiff with the largest losses ($575,246) in the action, a fact that the other movant, with losses of $52,025, "does not dispute").

Second, they cite to cases in which a movant was faced with fundamental and readily apparent conflicts. *See, e.g.,* Dkt. No. 47 at 13, citing *Batter v. Hecla Mining Co. et al*, Nos. 19-cv-4883 (ALC), 19-cv-05719 (ALC), 2020 U.S. Dist. LEXIS 51665, at *21-*22 (S.D.N.Y. Mar. 25, 2020) (disqualifying movant who consented to a finding that he had engaged in securities fraud); Dkt. No. 46 at 2, 9, Dkt. No. 48 at 11, citing *In re Boeing Co. Aircraft Secs. Litig.*, No. 19-cv-02394, 2020 U.S. Dist. LEXIS 15012, *14, *16-*17 (N.D. Ill. Jan 28, 2020) (where movant was "determined to avoid" providing information at the request of the court and misled the court knowingly omitting $7.5 million in class period sales from their certification), Dkt. No. 47 at 15, (citing a prior decision in the same case fails for the same reason); Dkt. No. 46 at 3, 12, Dkt. No. 47 at 2, Dkt. No. 48 at 6, 10, citing *Rodriguez v. Draft Kings, Inc.*, No. 21 Civ. 5739, 2021 U.S.

---

03679-SVW-AGR, 2019 U.S. Dist. LEXIS 88379, at *6-*7 (C.D. Cal. April 1, 2019) (presumptive lead plaintiff subject to unique defenses where approximately 60% of stock purchases were made after alleged misrepresentation was revealed).

Dist. LEXIS 219486, at *15, *20-*21 (S.D.N.Y. Nov. 12, 2021) (movant executed short sales of stock throughout the class period and submitted certification "omitting (1) profits from options transactions, (2) millions of dollars' worth of []common stock trades, and (3) short selling activity"); Dkt. No. 47 at 12, 13, Dkt No. 48 at 8, citing *Tsirekidze v. Syntax-Brillian Corp.*, 2008 U.S. Dist. LEXIS 118562, at *17 (D. Ariz. Apr. 4, 2008) (movant was "initially named as a member of a competing proposed lead plaintiff"); Dkt No. 47 at 14, citing *In re Enzymotec Ltd. Sec. Litig.*, Civil Action No. 14-5556, 2015 U.S. Dist. LEXIS 25720, at *7-*8 (D.N.J. Mar. 3, 2015) (failure to establish that the PSLRA certification was executed by someone authorized to execute such a certification); Dkt. No. 47 at 10, citing *Scheller v. Nutanix, Inc.*, Case No. 19-cv-01651-WHO, 2021 U.S. Dist. LEXIS 112372, *16-*17 (N.D. Cal. June 10, 2021) (refusing to appoint lead plaintiff whose transactions consisted of options contracts where options purchasers were not part of the defined class); Dkt No. 47 at 13, citing *Schaffer v. Horizon Pharma PLC*, 16-CV-1763 (JMF), 2016 U.S. Dist. LEXIS 83175, *2-*3 (S.D.N.Y. June 27, 2016) (finding "high probability" that plaintiff with the largest loss would be "embroiled" in "all-consuming" litigation unrelated to the action); Dkt. No. 47 at 18-19 and Dkt. No. 48 at 6, 7, 14, citing *Plymouth Cty. Ret. Sys. v. Apache Corp.*, 566 F. Supp. 3d 712, 718-719 (S.D. Tex. 2021) (movant was a "net seller" and "net gainer" and thus could not establish losses on class period transactions); Dkt. No. 48, *passim*, citing *Luczak v. Nat'l Beverage*, 548 F. Supp. 3d 1256, 1266 (S.D. Fla. July 12, 2021) (on class certification, Court rejected a plaintiff who sold all of his shares "months before the series of partial corrective disclosures at issue"); Dkt. No. 48 at 4, 10, 12, citing *City of Mia. Beach v. Aracruz Cellulose S.A.*, No. 08-23317-CIV, 2009 U.S. Dist. LEXIS 140999, (S.D. Fla. Aug. 7, 2009) at *10-*11, *13 (S.D. Fla.  Aug. 7, 2009) (rejecting movant whose "largest purchase . . . came only hours after" corrective disclosure and questioning the ability of movant, located in Brazil, to oversee the litigation); Dkt. No. 48 at 6,7, citing *Hurst v. Enphase Energy, Inc.*, No. 20-cv-04036-BLF, 2020 U.S. Dist. LEXIS 223696, *16 (N.D. Cal. Nov. 30, 2020) ("vast majority of [movants'] losses derive from purchases made after the fraud's disclosure").

    None of these situations apply to Kosowsky's application.

**IV.    KOSOWSKY'S CHOICE OF LEAD COUNSEL SHOULD BE APPROVED**

    Pursuant to the PSLRA, "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). As set forth in his motion, Kosowsky's choice of Barrack, Rodos and Bacine as lead counsel merits approval

by the Court. *See generally,* Dkt. No. 20 at 13-16. Barrack Rodos & Bacine is a highly experienced firm with a lengthy track record of successfully prosecuting securities class actions through every stage of litigation. *Id.  See also* Supp. Decl. ¶ 9.

## V.      CONCLUSION

At bottom, the Competing Movants base their oppositions to the appointment of Kosowsky on a series of speculative, irrelevant and inaccurate assertions, supported by case law that is increasingly disfavored and has not been adopted by courts within this District. As a result, the above-captioned actions should be consolidated, Kosowsky – who has the largest financial interest in the outcome of the actions – should be appointed Lead Plaintiff, and his choice of counsel, Barrack, Rodos & Bacine, should be approved as Lead Counsel.

Dated: July 31, 2023

Respectfully submitted,

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Howard M. Bushman
Florida Bar No. 364230
Barbara C. Lewis
Florida Bar No. 118114
THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423
adam@moskowitz-law.com
howard@moskowitz-law.com
barbara@moskowitz-law.com

**-and-**

Jeffrey A. Barrack
BARRACK, RODOS & BACINE
Two Commerce Square
2001 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone: (215) 963–0600
Facsimile: (215) 963–0838
jbarrack@barrack.com

*pro hac vice motion filed*

9

and

Stephen R. Basser
Samuel M. Ward
BARRACK, RODOS & BACINE
600 West Broadway, Suite 900
San Diego, CA  92101
Telephone:  (619) 230-0800
Facsimile: (619) 230-1874
sbasser@barrack.com
sward@barrack.com

*pro hac vice motions filed*

*Counsel for Philip Kosowsky and Proposed Lead Counsel for the Class*

10