# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| OSANEME OKARO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ICAHN ENTERPRISES L.P., CARL C. ICAHN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO,<br><br>Defendants. | Case No. 1:23-cv-21773 |
| MICHAEL LEVINE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>ICAHN ENTERPRISES L.P., CARL C. ICAHN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO,<br><br>Defendants. | Case No. 1:23-cv-22009 |

## SUPPLEMENTAL DECLARATION OF SAMUEL M. WARD

I, Samuel M. Ward, hereby declare as follow:

1.      I am an attorney duly licensed by the State of California and am a partner at Barrack, Rodos & Bacine, Lead Counsel for Philip Kosowsky. I submit this declaration in support of Philip Kosowsky's Reply Brief In Support of His Motion For Consolidation of Related Actions, Appointment As Lead Plaintiff, and Approval of Selection of Counsel.

2.      Attached hereto as Exhibit 1 is a true and correct copy of the Supplemental Declaration of Philip Kosowsky.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. If called as a witness, I could and would competently testify thereto. Executed this 31st day of July 2023.

*/s/ Samuel M. Ward*

1

Exhibit 1

## Supplemental Declaration of Philip Kosowsky

I, Philip Kosowsky, hereby declare that the following is true and correct to the best of my knowledge.

1. I am the owner and operator of Kosowsky's Packaging Supplies, a business in Clifton Park, New York, that has been specializing in selling material for covering exposed shipments for 29 years. I believe that the business is the largest supplier of reinforced shrink plastic in the world. Our business website is accessible at https://kpsupplies.com/home-page.

2. I am a 1982 graduate of the Rochester Institute of Technology with a Bachelor of Science degree in Packaging Science.

3. For approximately the past fifteen years, I have been purchasing and selling stock on my own behalf. I typically purchase stocks that pay a dividend and I make purchase and sale decisions related to an individual stock based on the ability to realize a profit resulting from movements in the market price of that particular stock. With respect to my investments in Icahn Enterprises, L.P., all of my purchases and sales related to Icahn Enterprises were for the purchase or sale of IEP common stock. And over the class period, I built up a very significant position in IEP stock, which led directly to the loss I suffered, and that others who also bought IEP stock during the class period suffered.

4. When I execute stock trades, I select an option offered by my broker that allows trades to be made either during the trading day, in post-close trading, or in pre-market trades before the market opens the following day. As a result, purchases and sales that I decide to make may be done at prices that are outside the range of trading prices that are recorded for trades that are made only during a day's trading range.

5. Since filing my lead plaintiff motion, I have reviewed the filings made by two of the other lead plaintiff movants. In response to certain of the issues they raised, I can confirm that I have run my business successfully for the past 29 years and have never declared bankruptcy.

6. I have experience overseeing litigation. I oversaw lawyers working on behalf of my sister and myself in an action asserting, among other things, fraud by a lessee of property owned by myself and my sister. That action was captioned *Kosowsky, et al. v. Willard Mountain, Inc., et al.*, 16567 (N. Y. Sup.) and a subsequent proceeding in Willard's bankruptcy was captioned *Willard Mountain, Inc. d/b/a Willard Mountain*, 1:15bk11242 (N.D.N.Y.).

7. Based on my prior experience overseeing litigation, I am confident that I can serve as an effective lead plaintiff and adequately oversee my counsel. Further, having operated my business for almost thirty years, I do not anticipate that my work will interfere with my ability to effectively represent my fellow class members.

1

8.      I have no prior personal or business relationships with any employee or attorney associated with Barrack, Rodos & Bacine.

9.      After reviewing news regarding Icahn Enterprises, L.P. and one of the complaints filed against Icahn Enterprises and the other defendants, and discussing potential litigation with my counsel. Barrack, Rodos & Bacine, I decided to seek appointment as lead plaintiff and I chose, as proposed lead counsel. Barrack, Rodos & Bacine, a firm with extensive experience litigating complex securities class actions.

10.      At the requests of my counsel, I received relevant transaction information, including the date, volume, and price of each purchase or sale of IEP common stock during the class period, from my broker and provided it to my counsel. I have no reason to believe that the information provided by my broker does not accurately reflect my transactions in IEP common stock.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this **28** day of July, 2023 in Clifton Park, New York.

Philip Kosowsky

2