**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-cv-21773-KMM

OSANEME OKARO, Individually and on
Behalf of All Others Similarly Situated,

      Plaintiff,

v.

ICAHN ENTERPRISES L.P., *et al.*,

      Defendants.

                                 /

## <u>ORDER ON MOTIONS TO APPOINT LEAD PLAINTIFF</u><br><u>AND APPROVE LEAD COUNSEL</u>

THIS CAUSE came before the Court upon Alvaro Aranda's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Alvaro Mot.") (ECF No. 12); Jason Carlson's Motion for Appointment as Lead Plaintiff and Approval of Counsel ("Carlson Mot.") (ECF No. 14); Philip Kosowsky's Motion for Appointment as Lead Plaintiff and Approval of Counsel ("Kosowsky Mot.") (ECF No. 20); John Haworth and James Gillespie's Motion for Appointment as Lead Plaintiff and Approval of Counsel ("Haworth-Gillespie Mot.") (ECF No. 23); Brian Harris's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Harris Mot.") (ECF No. 25); Andrew Goldstein's Motion for Appointment as Lead Plaintiff and Approval of Counsel ("Goldstein Mot.") (ECF No. 26); and John Diefendorf's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Diefendorf Mot.") (ECF No. 27) (collectively, "Motions"). The Court has carefully considered the Motions, the Movants' responsive filings, the attached exhibits, applicable law, and the oral arguments presented during the Motion Hearing held on November 9, 2023. As discussed below, Philip Kosowsky is

appointed as Lead Plaintiff and his selection of Barrack, Rodos & Bacine as Lead Counsel is approved.

## I.      BACKGROUND

The Court assumes the Parties' familiarity with the background in this matter and recites the facts only insofar as they are necessary for this Order.  On May 11, 2023, Plaintiffs filed the instant Action on behalf of themselves and a class of others similarly situated.  *See generally* Complaint ("Compl.") (ECF No. 1).  Plaintiffs are persons and entities that purchased Icahn Enterprises (IEP) securities between August 2, 2018, and May 9, 2023 (the "Class Period").  *Id.* ¶ 1.  Plaintiffs allege that Icahn Enterprises, Carl Icahn, David Willetts, Ted Papapostolou, Keith Cozza, and Sunghwan Cho ("Defendants") violated the Securities Exchange Act by issuing false and/or misleading public statements.  *Id.* ¶ 7.  Specifically, Plaintiffs allege that Defendants failed to disclose to investors that: (1) IEP was inflating its net asset value; (2) IEP was using money taken from new investors to pay out dividends to old investors; (3) as a result, IEP would become the subject of criminal and/or regulatory scrutiny; and (4) as a further result, Defendants' positive statements about IEP's business were materially misleading.  *Id.*  Plaintiffs assert the following causes of action against Defendants:  (1) violation of § 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, against all Defendants ("Count 1"), *id.* ¶¶ 51–61; and (2) violation of § 20(a) of the Exchange Act, against individual Defendants ("Count 2"), *id*. ¶¶ 62–65.

Plaintiffs brought two class actions against Defendants for these alleged violations of the Securities Exchange Act.  The suits have since been consolidated.  *See* (ECF No. 61).  Movants now seek to appoint themselves as Lead Plaintiffs and for their counsel to be approved as Lead Counsel.  *See generally* Mots.  On November 9, 2023, the Court held a Motion Hearing where

counsel for Philip Kosowsky, John Haworth, James Gillespie, Andrew Goldstein, and Alvaro Aranda discussed and elaborated on the arguments in their Motions.  *See* (ECF No. 81).

## II.      LEGAL STANDARD

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), "the Court is required to appoint the 'most adequate plaintiff' as lead plaintiff." *Maliarov v. Eros Intern. PLC.*, 2016 WL 1367246, at \*2 (S.D.N.Y. Apr. 5, 2016) (quoting 15 U.S.C. § 78u–4(a)(3)(B)(i)).  "The statute establishes a rebuttable presumption that the most adequate plaintiff is a plaintiff who, first, 'has either filed the complaint or made a motion in response to a notice,' second, 'has the largest financial interest in the relief sought by the class,' and third, 'otherwise satisfies the requirements of Rule 23.'" *Springer v. Code Rebel Corp.*, 2017 WL 838197, at \*1 (S.D.N.Y. Mar. 2, 2017) (quoting 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa)–(cc)).  "This presumption may only be rebutted by proof that the purportedly most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Maliarov*, 2016 WL 1367246, at \*2 (quoting 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)(aa), (bb)).

The lead plaintiff must also put forth a "sufficient preliminary showing" that he can satisfy the relevant requirements of Federal Rule of Civil Procedure 23.  *Springer*, 2017 WL 838197, at \*2; *Brustein v. Lampert*, 2005 WL 8154797, at \*7 (S.D. Fla. June 15, 2005).  "Rule 23(a) permits a party to sue on behalf of a class subject to meeting four requirements: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Springer*, 2017 WL 838197, at \*2.  The movant need only make a *prima facie* showing

that the Rule 23(a) requirements of typicality and adequacy are met. *See Lampert*, 2005 WL 8154797, at \*7 (internal citation omitted); *Miller v. Dyadic Intern., Inc.*, 2008 WL 2465286, at \*6 (S.D. Fla. Apr. 18, 2008).

### III.   DISCUSSION

#### a.   Selection of Lead Plaintiff

As explained above, the PSLRA "establishes a rebuttable presumption that the most adequate plaintiff is a plaintiff who, first, 'has either filed the complaint or made a motion in response to a notice,' second, 'has the largest financial interest in the relief sought by the class,' and third, 'otherwise satisfies the requirements of Rule 23.'" *Springer*, 2017 WL 838197, at \*1 (quoting 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa)–(cc)). There is no dispute that each of the proposed lead plaintiffs made a timely motion in response to the notice.[1] Therefore, the determination of the presumptive Lead Plaintiff is based on who has the largest financial interest and who can fulfill the requirements of Rule 23(a).

#### 1.   Philip Kosowsky Has the Largest Financial Interest

In determining which plaintiff has the greatest financial interests in the class, courts typically look to the following factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Plymouth Cty. Retirement Sys. v. Carter's, Inc.*, 2009 WL 692141, at \*2 (N.D. Ga. Mar. 13, 2009) (internal citations omitted). Of the four factors, most courts give the greatest weight to estimated losses. *See In re Jan. 2021 Short*

---

[1] On May 11, 2023, the plaintiff in the instant Action published notice on *Business Wire, Inc. See* PSLRA Notice (ECF No. 12-5). This notice advised class members of the existence of the action, described the claims asserted, and advised class members of their right to file a motion for appointment as lead plaintiff no later than July 10, 2023. *See id.* All Motions to Appoint Lead Plaintiff were filed on or before July 10, 2023.

*Squeeze Trading Litig.*, 2021 WL 4840857, at *2 (S.D. Fla. Oct. 15, 2021). Amongst the proposed lead plaintiffs, Kosowsky has the largest financial interest in the relief sought by the class, based on all four factors. During the Class Period, Kosowsky purchased a total of 304,718 shares, expending $16,652,653, for net purchases of 185,718 shares. Kosowsky Mot. at 7. He suffered losses of $2,974,111 on a last-in-first-out (LIFO) basis. *Id.* No other plaintiff has "come forward suggesting she has a greater financial interest in this litigation." *Springer*, 2017 WL 838197, at *2; *see also* Haworth-Gillespie Resp. at 4 (ECF No. 46) (arguing that they collectively have "the next largest loss on transactions in IEP securities" behind Kosowsky); Aranda Resp. at 5 (ECF No. 47) (claiming that Aranda "has the second largest financial interest after Kosowsky"); Goldstein Resp. at 1 (ECF No. 48) (conceding that Kosowsky "claim[s] larger losses than Mr. Goldstein"). Kosowsky has therefore demonstrated that he has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u–4(a)(3)(B)(i).

### 2. Kosowsky Is Typical and Adequate

To earn the presumption of being the most adequate lead plaintiff, Kosowsky must also make a "sufficient preliminary showing" that he satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. *Luczak v. Nat'l Beverage Corp.*, 2018 WL 9847842, at *2 (S.D. Fla. Oct. 12, 2018) (quotation marks and citations omitted). The typicality requirement is satisfied where the "named representatives' claims share the same essential characteristics as the claims of the class at large." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000) (internal quotations and citations omitted). "A sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). Kosowsky, like all members of the class, alleges that Defendants made

false and/or misleading public statements in violation of federal securities laws, and that Kosowsky, like all members of the class, suffered damages as a result of these violations. Kosowsky Mot. at 8–9. Additionally, Kosowsky is an experienced investor with a large financial interest in the action and has stated that he will ensure vigorous advocacy if selected as Lead Plaintiff. *Id*. at 9. Kosowsky's claims therefore "appear typical of the purported class as a whole." *Springer*, 2017 WL 838197, at *2.

To satisfy the adequacy requirement, Kosowsky must make a preliminary showing that "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Miller*, 2008 WL 2465286, at *6 (internal citations omitted). Here, Kosowsky provides documents demonstrating the extensive experience of his proposed lead counsel, Barrack, Rodos & Bacine, in complex securities class action suits, and no other plaintiff suggests that the firm is unqualified in their briefing or at the Motion Hearing. *See Springer*, 2017 WL 838197, at *3; Barrack, Rodos & Bacine Firm Biography (ECF No. 20-1). Finally, the Court "has been presented with no proof" that Kosowsky "will not fairly and adequately protect the interests of the class or is subject to unique defenses" that would render Kosowsky incapable of adequately representing the class. *Springer*, 2017 WL 838197, at *3; *see also infra* Section III.a.3.

Accordingly, the Court finds that Kosowsky is the presumptive Lead Plaintiff.

### 3. The Other Movants Have Failed to Rebut the Presumption of Kosowsky as Lead Plaintiff

To rebut the presumption of Kosowsky as Lead Plaintiff, the other Movants must present "proof" that Kosowsky either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the

class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  In opposition to selecting Kosowsky as Lead Plaintiff, Movants first argue that Kosowsky's PSLRA certification fails to set forth all his transactions.  For example, Haworth and Gillespie point out that instead of supplying a schedule of all his transactions in Icahn securities during the Class Period, the certification merely appends "unreconcilable" loss charts prepared by his counsel.  Haworth-Gillespie Resp. at 6–7.  Thus, Haworth and Gillespie argue, Kosowsky should be eliminated as Lead Plaintiff because the errors in his charts render the certification facially false.  *See id.* at 9.  Kosowsky responds that he did provide all relevant purchases and sales, satisfying the requirements of the PSLRA.  Kosowsky Reply at 3 (ECF No. 56).  At this stage in the proceeding, the Court finds that any alleged deficiency in any Movant's certification is not a determinative factor in the selection of Lead Plaintiff.  *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 407 (S.D.N.Y. 2004) (In selecting a lead plaintiff, "the existence or adequacy of any certificates submitted here will not be considered a determinative factor at this stage, whatever the import of a certificate's adequacy may be at a later portion of the proceedings.").

Movants also highlight Kosowsky's frenetic trading strategy, where he repeatedly purchased blocks of IEP shares and then immediately sold those shares, rendering him atypical and subject to a unique defense.  *See* Haworth-Gillespie Resp. at 10–12; Aranda Resp. at 11–15; Goldstein Resp. at 5–10.  If Kosowsky were Lead Plaintiff, Defendants could potentially argue that his practice of buying and reselling IEP shares on the same day or within a matter of days shows that Kosowsky relied on the market's daily volatility rather than on the alleged misstatements made by Defendants.  *See* Aranda Resp. at 13.  In response, Kosowsky first insists that he is not a day trader because unlike day traders, he generally did not close out his positions before the end of each day.  *See* Kosowsky Reply at 5.  Kosowsky further argues that his trading

strategy depends on the market price of the stock, but that does not mean he did not rely on Defendants' misrepresentations.  Kosowsky Supplemental Decl. ¶ 3 (ECF No. 56-1).  At the Motion Hearing, Kosowsky's counsel explained the efficient market hypothesis, which posits that share prices reflect all information.  *See* (ECF No. 81).  Thus, no matter how frequently Kosowsky may have traded, every transaction reflected his reliance on Defendants' alleged misrepresentations because according to the efficient market hypothesis, all information is inherently built into the stock price.  *See id.*

Even assuming, *arguendo*, that Kosowsky is a day trader, the Court finds that high-frequency trading is not enough to defeat adequacy and typicality.  *See Prefontaine v. Rsch. in Motion Ltd.*, 2012 WL 104770, at *4 (S.D.N.Y. Jan. 5, 2012) (ruling that an alleged day trader with over 21,000 transactions in a 6-month period was typical and explaining the prevailing view that "day and momentum traders have the same incentives to prove defendants' liability as all other class members, and their presence in a securities class does not create intra-class conflicts").  The thrust of the inquiry is whether there is "proof" that a presumptively adequate lead plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render [them] incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Although some courts have "found the presumption of adequacy rebutted where there is evidence that the lead plaintiff engaged in high volume day-trading," numerous other courts have concluded that "a plaintiff's status as a purported day trader is not enough in and of itself to rebut the presumption of adequacy [. . .] [a]bsent evidence that the [lead plaintiff] did not rely on the market price of the shares."  *Schueneman v. Arena Pharms., Inc.*, 2011 WL 3475380, at *7 (S.D. Cal. Aug. 8, 2011) (collecting cases).  Here, the other Movants have not offered any specific showing as to how the frequency of Kosowsky's trading proves he did not rely on Defendants' alleged

misrepresentations—as such, the unique defense arguments are "mere speculation" which fail to rebut the presumption of the most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Having found that Kosowsky is the presumptive Lead Plaintiff, and having found that no Movant presents proof sufficient to rebut that presumption, the Court concludes that Kosowsky shall be appointed Lead Plaintiff.

### b. Lead Counsel

The PSLRA also provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *Springer*, 2017 WL 838197, at *3 (quoting 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)(aa), (bb)). The Court should interfere with the lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)(aa). It is "evident from the documentation provided to the Court" that Kosowsky's counsel, Barrack, Rodos & Bacine, has extensive experience in securities litigation and class actions involving issues similar to those raised in this cause. *Springer*, 2017 WL 838197, at *3; Barrack, Rodos & Bacine Firm Biography. The Court thus approves Barrack, Rodos & Bacine as Lead Counsel in the above-styled cause.

**IV.   CONCLUSION**

Accordingly, UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Philip Kosowsky's Motion for Appointment as Lead Plaintiff and Approval of Counsel (ECF No. 20) is GRANTED and the remaining Motions for Appointment as Lead Plaintiff and Approval of Counsel (ECF Nos. 12, 14, 23, 25, 26, 27) are DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of November, 2023.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record