## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PHILIP KOSOWSKY and GARY COTON, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>v.<br><br>ICAHN ENTERPRISES L.P., ICAHN ENTERPRISES HOLDINGS L.P., ICAHN ENTERPRISES G.P. INC., CARL C. ICAHN, ARIS KEKEDJIAN, DAVID WILLETTS, TED PAPAPOSTOLOU, KEITH COZZA, and SUNGHWAN CHO,<br><br>        Defendants. | Case No. 1:23-cv-21773-KMM |

## LEAD PLAINTIFF'S REPLY IN SUPPORT OF THE MOTION TO STRIKE AND OBJECTION RESPECTING DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT

## I.     INTRODUCTION

As set forth herein and in Lead Plaintiff's Motion to Strike and Objection Respecting Defendants' Reply in Support of the Motion to Dismiss the Consolidated Class Action Complaint ("Motion to Strike") (Dkt. No. 105), Defendants' Reply in Further Support of their Motion to Dismiss the Consolidated Class Action Complaint ("Reply") (Dkt. No. 102) raises and relies on contestable issues of fact that are not appropriate for consideration or determination against Lead Plaintiff at this stage of the proceedings.  It also improperly asserts a procedural argument that Defendants waived by not raising it in their Motion to Dismiss. By way of the Motion to Strike, Lead Plaintiff seeks to hone Defendants' positions to the well-settled pleading rules confined to the allegations of the Consolidated Class Action Complaint ("CCAC"), and all reasonable inferences therefrom, and reject Defendants' effort to proffer their own self-serving universe of facts. Lead Plaintiff respectfully requests that the Court enter an order granting the Motion to Strike.

## II.    NEITHER JUDICIAL NOTICE NOR THE INCORPORATION BY REFERENCE DOCTRINE PERMIT DEFENDANTS TO CONVERT SELF-SERVING STATEMENTS TO ASSERTIONS OF FACT

The crux of Lead Plaintiff's Motion to Strike is that Defendants' Reply repeatedly seeks to convert self-serving statements into "facts" they rely on to contradict the factual allegations of the CCAC. *See* Dkt. No. 105 at 3-8. This violates well-settled pleading standards at the motion to dismiss stage.  Dkt. No. 105 at 3. Defendants' Opposition (Dkt. No. 106) continues this pattern, referring, for example, to statements regarding Mr. Icahn's pledged collateral and contending that "Plaintiffs' argument to strike *these facts* fails . . . ." (emphasis added). Dkt. No. 106 at 7.[1]

---

[1]     Defendants' reliance on *Tellabs, Inc. v. Makor Issues & Rts., Ltd.* 551 U.S. 308 (2007) (Dkt. No. 106 at 11) glosses over this distinction. Courts applying *Tellabs* have consistently held

Similarly, Defendants inappropriately continue to assert statements contained in the so-called Partnership Agreement as fact. Dkt. No. 106 at 7-8. Defendants' Opposition buttresses the necessity and purpose of the Motion to Strike. At the motion to dismiss stage, Defendants are not allowed to create an alternate factual universe to counter the well-pleaded facts of the CCAC. However, as set forth at pages 3-8 of the Motion to Strike, Defendants attempt to do exactly that.

### A.      Defendants' Non-Request for Judicial Notice is Improper

Defendants have not formally sought judicial notice of any documents, or their contents, for any purpose. *See generally* Dkt. Nos. 97, 102, and 106. Only now, in opposing the Motion to Strike, do they suggest that the Court may, *sua sponte*, do so. Dkt. No. 106 at 4 n. 2, 6-7, and 9-11. It would be improper to do so.

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may only take judicial notice of facts that are either generally known in the district court's territorial jurisdiction or are incontrovertible (*i.e.,* not subjective or in dispute).  *See, e.g., U.S. v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

Lead Plaintiff's Motion to Strike challenges Defendants' effort to assert "facts" outside of the CCAC in support of their Motion to Dismiss. It is of no consequence that the statements regarding IEP's distribution yield and the so-called Partnership Agreement may have been taken from SEC filings, press releases, and other items *referenced* in the CCAC. The issue is not necessarily with the *source* of the statements, but rather with the *purpose* for which they are

---

that it is improper to accept a party's contentions as fact, even contentions arguably supported by judicially noticed sources. *See, e.g. Ezcurra v. Monsanto Co.*, 2020 WL 5491428, *2 (S.D. Fla. Aug. 7, 2020) (citing *Tellabs*, 551 U.S. at 322); *see also In re Royal Caribbean Cruises Ltd.*, 2013 WL 3295951, at *10, *11 (S.D. Fla. Apr. 19, 2013) (citing *Tellabs*).

offered, *i.e.* for their truth. While the Court may take judicial notice of the existence of the documents, or such indisputable issues as the date of the document or where they might appear in the public domain, the Court cannot judicially notice facts that are not incontrovertible.

Lead Plaintiff raised an objection to the use of the statements at issue for their truth, both in the response to the motion to dismiss (Dkt. 99 at 3 & n.7) and again in the Motion to Strike (Dkt. 105 at 4), without any response from the Defendants. The Defendants' Opposition again ignores Lead Plaintiff's objection that these facts must be stricken from the record because they are either not indisputable or are subjective. Defendants have now twice been offered a chance to explain in what way these "facts" are incontrovertible for purposes of offering them for their truth. They have failed to do so.

It is well-settled that on a motion to dismiss, Defendants' SEC filings do not foist their contents upon Lead Plaintiff or the Court for the truth of what is stated therein. *In re Sunterra Corp. Sec. Litig.*, 199 F. Supp. 2d 1308, 1319 (M.D. Fla. 2002) ("a court, when considering a motion to dismiss in a securities fraud case, may take judicial notice (for the purpose of determining what statements the documents contain and ***not to prove the truth of the documents' contents***) of relevant public documents required to be filed with the SEC") (emphasis added). *See also, Land Tr. Serv. Corp. for Tr. No. 1009CB v. MortgageIt, Inc.*, No. 14-CV-23885, 2014 WL 12605138, at *3 (S.D. Fla. Dec. 29, 2014) (refusing to take judicial notice of an agreement to establish the truth of the matters asserted in the agreement, finding it more appropriately addressed on a motion for summary judgment).

Indeed, Defendants' own cited and controlling case law makes clear that "when considering a motion to dismiss in a securities fraud case, [a court] may take judicial notice (for the purpose of determining what statements the documents contain and ***not to prove the truth of***

3

*the documents' contents*) of relevant public documents required to be filed with the SEC, and actually filed." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (emphasis added) (Dkt. No. 106 at 4, 10). *See also In re Royal Caribbean Cruises Ltd.*, 2013 WL 3295951, at \*10, \*11 (Dkt. No 106 at 9) ("SEC documents may only be considered for "determining what statements the documents contain and not to prove the truth of the documents' contents[,]" recognizing that such documents may not be "considered for the truth of the documents" and holding that "*the Court cannot look to the attached documents for purposes of ascertaining the truth of the matters contained within them*") (emphasis added).

## B.     The CCAC Does Not Incorporate by Reference the Factual Contentions That Defendants Continue to Offer

Defendants erroneously argue that not only may the Court judicially notice the "facts" Plaintiff seeks to strike, but the Court should also find the documents containing the statements may be considered part of the pleadings because the CCAC incorporated them by reference.  This argument fails because the CCAC mentions documents, like the so-called Partnership Agreement, only in passing, and in a way that makes clear that these documents are tangential to Plaintiff's claims. "The Court may consider the documents part of the pleadings" only when the documents are "central to the plaintiff's claims." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). In *Lockwood v. Beasley*, the Eleventh Circuit held that a District Court's judicial notice of a document constituted a conversion of the Rule 12(b)(6) motion to a Rule 56 motion for summary judgment where the document at issue was referred to in the complaint but was not "central" to plaintiff's case, but rather relevant to defendant's affirmative defense. The Eleventh Circuit's analysis turned on "whether the plaintiff would have to offer the document to prove his case." *Lockwood v. Beasley*, 211 Fed. Appx. 873, 877 (11th Cir. 2006). *See also, Halber v. Credit Suisse AG*, 402 F. Supp. 3d 1288, 1301 (N.D. Ala. 2019) (denying judicial

4

notice of document referenced in complaint that was not "central" to the plaintiffs' case). The passing reference to the so-called Partnership Agreement in the CCAC falls far short of this test.

The so-called Partnership Agreement is neither "central to the plaintiffs' claims" nor "at the heart of this case" as Defendants claim. *Id.* and Opposition at 9, *quoting In re Royal Caribbean Cruises, Ltd. Sec. Litig.*, 2013 WL 3295951 at *11.[2] This is highlighted by the fact that Defendants identify **exactly one** passing reference to the document in the CCAC that neither quotes the document nor relies on it. Opposition at 9 (citing the CCAC). The only claims here arise as a consequence of false statements and a deceptive scheme by an issuer of units on a public exchange and purchasers of said units, whether directly from IEP or on the open market. The so-called Partnership Agreement is unnecessary to the federal securities claims. This is not a breach of contract action or a partnership dispute arising from the terms of the so-called Partnership Agreement. *See* Dkt. No. 106 at 8-11; *see generally* Dkt. Nos. 97 and 102.

---

[2]    The other holdings that Defendants rely on in support of their argument each address cases where contractual relationships were central to the claims at issue. *See* Dkt. No. 106 at 10-11, citing *Maxcess, Inc. v. Lucent Techs., Inc*., 433 F.3d 1337 (11th Cir. 2005) (addressing a purchase agreement upon which plaintiff's claims were based); *SFM Holdings, Ltd. v. Banc of Amer. Sec., LLC*, 600 F.3d 1334 (11th Cir. 2010) (addressing breach of fiduciary claim with contract disclaiming fiduciary relationship); *Chase v. Fischer,* 2023 WL 12061833 (S.D. Fla. Jan. 8, 2023) (a negligence action addressing arbitration clause of attorney employment contract which was "signed by Plaintiff and the Defendant"); *United Credit Recovery, LLC v. Wells Fargo Bank, N.A.,* 2013 WL 12061833 (S.D. Fl. Jan. 8, 2013) (addressing contract where "[t]he issue in this case is one of contract interpretation").

Defendants assert that Lead Plaintiff failed to recite the entire terms respecting the potential for change or loss of control. Dkt. No. 106 at 12.  This assertion ignores the fact that Defendants only referenced a portion of the so-called Partnership Agreement in their Motion to Dismiss and in their Reply. Dkt. No. 97 at 7, Dkt. No. 106 at 5.  Lead Plaintiff's recitation of the balance of the Form 10-K disclosure (Dkt. No. 105 at 6-7) further demonstrates why Defendants' self-serving "factual" claim that it would be almost impossible for Mr. Icahn to lose control in the event of a margin call is not an incontrovertible fact.  As a result, that contention cannot be judicially noticed under Rule 201, nor is judicial notice proper with respect to Defendants' claim that Mr. Icahn would simply use his personal wealth to pay the margin call in lieu of lenders executing on his IEP units pledged as collateral.

**III.    DEFENDANTS NEITHER DEMONSTRATE THAT AN ALLEGED PROCUDURAL DEFECT ARISING FROM A FAILURE TO PLEAD THE CLAIM FOR SCHEME LIABILITY AND FOR LIABILITY FOR FALSE STATEMENTS IN SEPARATE, INDEPENDENT COUNTS OF THE CCAC WAS RAISED IN THEIR MOTION TO DISMISS NOR DO THEY OFFER A VALID REASON WHY IT COULD NOT HAVE BEEN**

A "reply memorandum shall be strictly limited to the rebuttal of matters raised in the memorandum in opposition…" and where the movant fails to comply with this mandate, the Court may refuse to consider new material inappropriately raised. S.D. Fla. L. R. 7.1(c); *see also, e.g., Foley v. Wells Fargo Bank, N.A.*, 849 F.Supp.2d 1345, 1349-50 (S.D. Fla. Feb 17, 2012) (refusing to consider argument raised for first time in reply).  The Motion to Strike (Dkt. 105) turns, in part, on the question of whether the Defendants failed to follow this requirement when filing their Reply (Dkt. 102).  Defendants' response to the Motion to Strike (Dkt. 106) at pp. 3-4 effectively admits that their Reply violates Local Rule 7.1(c). That is because Defendants' response to the Motion to Strike fails to demonstrate that the procedural issue or "defect" for which they seek dismissal with prejudice (because Lead Plaintiff's CCAC asserted liability for violation of Rule 10b-5 (a)(b) and

6

(c) in a single count rather than two separate counts for subparts (a) and (c) ("Scheme liability")) was asserted or expressly articulated in the Motion to Dismiss. Defendants' Motion to Dismiss (Dkt. 97) made no such argument.

Instead, Defendants posit that raising this procedural defect argument in their Reply should be deemed appropriate rebuttal as it was made "in direct response" to Plaintiff's opposition to the Motion to Dismiss. (Dkt. No. 106 at 3). None of the cases cited by Defendants provides support for their position.  Of the cited cases, only one, *Giglio Sub s.n.c. v. Carnival Corp.*, 2012 U.S. Dist. LEXIS 144140 (S.D. Fla. Sept. 26, 2012), provides any meaningful analysis, and while the Court denied the motion to strike, applying the Court's analysis here would yield a contrary result.  In *Giglio Sub,* plaintiffs did not raise certain alleged critical defects in their opening motion, but instead waited to raise the issue of these deficiencies "for the first time" in their reply in support of their motion to strike.  *Giglio Sub,* 2012 U.S. Dist. LEXIS 144140 at *11-*12.  This Court, looking upon that unfavorably, opined: "Inexplicably, however, [plaintiffs] waited until their Reply, when Defendants would have no opportunity to respond, to point out the 'many inaccuracies' in [the] supplemental declaration.  As Plaintiffs themselves have noted in their Motion to Strike, ***waiting to address known alleged deficiencies until a reply brief is not permissible.***"  *Id.* (emphasis supplied). This rationale is wholly consistent with well-settled law that arguments cognizable or available when a motion is filed, but were not made at that time, are generally "forfeited." *See, Escobar Soto v. That Certain 2002 Midnight Express Speed Boat*, 2024 WL 216548 at *2 n.2 (S.D. Fla. Jan. 19, 2024).

The CCAC's alleged irredeemably fatal deficiency, pleading violations of Rule 10b-5(a)-(c) in a single count, was cognizable when Defendants filed their Motion to Dismiss. Defendants offer no legitimate reason for their failure to raise it then and permitting it on Reply under these

circumstances would be unjust and inconsistent with the letter and spirit of Local Rule 7.1(c).[3] *Giglio Sub*, 2012 U.S. Dist. LEXIS 144140 at \*11-\*12. Accordingly, and for all the reasons more fully articulated in Plaintiff's Motion to Strike, the procedural argument stated in Section II.A of Defendants' Reply in Further Support of the Motion to Dismiss should be stricken from the record and not considered as a basis for dismissal.

## IV.    CONCLUSION

For the reasons stated herein and in Lead Plaintiff's Motion to Strike (Dkt. No. 105), Defendants' effort to create an alternate universe of facts in support of their Motion to Dismiss should be rejected, as should their untimely challenge to the form of the CCAC based on a purported procedural defect. Lead Plaintiff respectfully requests that the Court grant Lead Plaintiff's Motion to Strike.

---

[3]    Defendants argue that this motion to strike is an improper attempt to file a sur-reply, without first seeking leave of Court, in violation of Local Rule 7.1(c)(1). On the contrary, and as set forth more fully in the Motion to Strike, this is an appropriate effort to protect the record by challenging: (i) Defendants' attempt to impermissibly raise a new basis for dismissal in a Reply; and (ii) Defendants' effort to pervert the motion to dismiss standard by improperly attempting to introduce new facts into the motion to dismiss record in order to contest and contradict the factual allegations and all inferences arising from the allegations of the CCAC.

Dated: June 20, 2024                          Respectfully submitted,

                                            **By: */s/ Howard Bushman***
ADAM MOSKOWITZ (Fla. Bar No. 984280)
HOWARD BUSHMAN (Fla. Bar No. 364230)
BARBARA C. LEWIS (Florida Bar No. 118114)
Email: adam@moskowitz-law.com
Email: howard@moskowitz-law.com
Email: barbara@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Miami, FL 33133
**Mailing Address:**
P.O. Box 653409
Miami, FL 33175

*Liaison Counsel*

JEFFREY W. GOLAN
EMAIL: jgolan@barrack.com
JEFFREY A. BARRACK*
EMAIL: jbarrack@barrack.com
**BARRACK, RODOS & BACINE**
Two Commerce Square
2001 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone: (215) 963–0600
Facsimile: (215) 963–0838

STEPHEN R. BASSER*
EMAIL: sbasser@barrack.com
SAMUEL M. WARD*
EMAIL: sward@barrack.com
**BARRACK, RODOS & BACINE**
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874

*Lead Counsel for Lead Plaintiff and the Putative Class*

*Admitted Pro Hac Vice

9

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 20th, 2024, I served a true and correct copy of the foregoing upon all counsel of record via the Court's CM/ECF electronic filing system.

*/s/ Howard Bushman*
*Howard Bushman*
