EXHIBIT 2

**UNITED STATES OF AMERICA**
**Before the**
**SECURITIES AND EXCHANGE COMMISSION**

**SECURITIES EXCHANGE ACT OF 1934**
**Release No. 100755 / August 19, 2024**

**ADMINISTRATIVE PROCEEDING**
**File No. 3-22011**

| | |
|---|---|
| **In the Matter of**<br><br>    **ICAHN ENTERPRISES**<br>    **L.P.,**<br><br>**Respondent.** | **ORDER INSTITUTING CEASE-AND-DESIST PROCEEDINGS PURSUANT TO SECTION 21C OF THE SECURITIES EXCHANGE ACT OF 1934, MAKING FINDINGS, AND IMPOSING A CEASE-AND-DESIST ORDER** |

**I.**

The Securities and Exchange Commission ("Commission") deems it appropriate that cease-and-desist proceedings be, and hereby are, instituted pursuant to Section 21C of the Securities Exchange Act of 1934 ("Exchange Act") against Icahn Enterprises L.P. ("IEP" or "Respondent").

**II.**

In anticipation of the institution of these proceedings, Respondent has submitted an Offer of Settlement (the "Offer") which the Commission has determined to accept.  Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the findings herein, except as to the Commission's jurisdiction over it and the subject matter of these proceedings, which are admitted, Respondent consents to the entry of this Order Instituting Cease-and-Desist Proceedings Pursuant to Section 21C of the Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-and-Desist Order ("Order"), as set forth below.

**III.**

On the basis of this Order and Respondent's Offer, the Commission finds[1] that:

---

[1] The findings herein are made pursuant to Respondent's Offer of Settlement and are not binding on any other person or entity in this or any other proceeding.

## Summary

1.      IEP, a public company, failed to disclose that Carl C. Icahn, its founder, controlling shareholder, and Chairman of the Board of Directors of its general partner, pledged IEP securities as collateral to secure personal margin loans under agreements with various lenders in its Forms 10-K for at least the fiscal years ended December 31, 2018 through December 31, 2020, as required by Item 403(b) of Regulation S-K.  IEP's failures to disclose deprived existing and prospective IEP investors of information required to be disclosed.  As a result, IEP violated Section 13(a) of the Exchange Act and Rule 13a-1 thereunder.

## Respondent

2.      **Icahn Enterprises L.P. ("IEP")** is a master limited partnership incorporated in Delaware with its principal place of business in Sunny Isles Beach, Florida.  IEP's depositary units are registered under Section 12(b) of the Exchange Act.  IEP is listed on the Nasdaq Global Select Market under the symbol "IEP."  As of December 31, 2023, IEP had approximately $20.9 billion of assets and approximately 429,033,241 depositary units outstanding.

## Related Person and Entities

3.      **Carl C. Icahn ("Icahn")** is eighty-eight years old and a resident of Sunny Isles Beach, Florida.  Icahn acquired control of IEP's predecessor in 1990.  Since that time, Icahn and his wholly-owned entities have been the controlling shareholders of IEP.  As of December 31, 2023, Icahn and his wholly-owned entities owned approximately 86% of IEP's outstanding depositary units.  In addition, since 1990, Icahn has served as Chairman of the Board of Icahn Enterprises G.P., Inc., the general partner of IEP, and has served as a named executive officer of IEP.  Between December 31, 2018 and December 31, 2023, Icahn and his wholly-owned entities owned between approximately 85% to 92% of IEP's outstanding depositary units.

4.      **Icahn Partners Master Fund LP** and **Icahn Partners LP (collectively, the "IEP Funds")** are private funds managed by a general partner affiliated with IEP.  The IEP Funds primarily invest in public equities.  The limited partnership interests in the IEP Funds are owned approximately 60% by IEP and 40% by Icahn and his wholly-owned entities as of December 31, 2023.  As of that date, the IEP Funds managed assets valued at approximately $5.33 billion.

## Facts

5.      IEP is a publicly traded, diversified holding company with subsidiaries in various operating segments, such as energy, auto parts, real estate, and others.  In addition to these operating segment investments, IEP invests in the IEP Funds.  Icahn is the founder and controlling shareholder of IEP.  According to its public filings, IEP and Icahn pursue activist investment strategies.

2

*Icahn's Margin Loan Agreements and Amendments*

6.      From at least December 31, 2018 through December 31, 2020, Icahn had margin loan agreements with various lenders, which resulted in him pledging IEP depositary units and/or his interests in the IEP Funds as collateral.  The outstanding principal amounts of the individual loans ranged from $150 million to $1.7 billion.

7.      The following chart summarizes Icahn's margin loan agreements and IEP depositary units pledged as of December 31, 2018, December 31, 2019, and December 31, 2020:

| Approximate as of Date | No. of Lenders | Total Outstanding Principal Amount of Loans | IEP Units Pledged | % of Outstanding IEP Units Pledged |
|---|---|---|---|---|
| Dec. 31, 2018 | 9 | $4.6B | 104.6M | 55% |
| Dec. 31, 2019 | 8 | $5.0B | 108.5M | 51% |
| Dec. 31, 2020 | 8 | $5.1B | 156.2M | 65% |

*IEP Failed to Disclose Icahn's Collateral Pledges*

8.      Section 13(a) of the Exchange Act and Rule 13a-1 thereunder require issuers to file annual reports with the Commission.  An issuer violates these provisions if it files an annual report that does not contain required information.  "The reporting provisions of the Exchange Act are clear and unequivocal, and they are satisfied only by the filing of complete, accurate, and timely reports."  *SEC v. Savoy Indus., Inc.*, 587 F.2d 1149, 1165 (D.C. Cir. 1978) (quoting *SEC v. IMC International, Inc.*, 384 F. Supp. 889, 893 (N.D. Tex. 1974)).  No showing of scienter is necessary to establish a violation of Section 13(a) or the rules thereunder.  *SEC v. McNulty*, 137 F.3d 732, 740-41 (2d Cir. 1998).

9.      Regulation S-K requires certain information to be disclosed in various Commission filings, including annual reports filed on Form 10-K.

10.      Item 403(b) of Regulation S-K requires public companies to disclose information about the security ownership of management in Part III of Form 10-K, including the amount of pledged securities, which include depositary units.[2]  The adopting release for Item 403(b) describes the policy reasons for the requirement to disclose management-pledged shares: "[t]o the extent that shares beneficially owned by named executive officers, directors and director nominees are used as collateral, these shares may be subject to material risk or contingencies that do not apply to other shares beneficially owned by these persons" and that such circumstances "have the potential to influence management's performance and decisions."[3]

---

[2]  *See* Instructions to Form 10-K published by the SEC, notes to Item 12 of Part III (information required by Item 403 of Regulation S-K must be furnished).

[3]  SEC Release No. 33-8732A, Section IV; Securities and Exchange Commission; Executive Compensation and Related Party Disclosure, 71 Fed. Reg. 6542, 6571 (Feb. 8, 2006) (codified at 17 C.F.R. Pt. 229).

11.     IEP was required to disclose the amount of IEP depositary units that Icahn pledged as collateral for personal indebtedness pursuant to Item 403(b) because Icahn was a director of the general partner of IEP and a named executive officer of IEP.

12.     IEP has represented that IEP and its outside advisors were aware of the fact that Icahn had pledged IEP depositary units as collateral.  Nevertheless, IEP's Forms 10-K for at least the years ended December 31, 2018 through December 31, 2020, which were incorporated by reference in at least eighteen other IEP public filings, did not disclose that Icahn had pledged IEP depositary units as collateral in connection with personal margin loans or the amount of depositary units pledged, as required by Item 403(b) of Regulation S-K.

13.     On February 25, 2022, IEP disclosed for the first time in a footnote to its beneficial ownership chart in Item 12 of its Form 10-K for the year ended December 31, 2021 that Icahn had pledged 167,658,659 IEP depositary units as collateral to secure personal margin loans.  Icahn's pledges reflected approximately 57% of all IEP depositary units outstanding at that time.

### Violations

14.     As a result of the conduct described above, IEP violated Section 13(a) of the Exchange Act and Rule 13a-1 thereunder, which require Exchange Act reporting companies to file with the Commission complete and accurate annual reports.

### IEP's Cooperation

15.     In determining to accept the Offer, the Commission considered IEP's cooperation with the Commission's investigation, including by providing to Commission staff compilations of relevant documents, information, and data.

### IV.

In view of the foregoing, the Commission deems it appropriate to impose the sanctions agreed to in the Respondent's Offer.

Accordingly, it is hereby ORDERED that:

A.     Pursuant to Section 21C of the Exchange Act, Icahn Enterprises L.P. cease and desist from committing or causing any violations and any future violations of Section 13(a) of the Exchange Act and Rule 13a-1 thereunder.

B.     Icahn Enterprises L.P. shall, within 10 days of the entry of this Order, pay a civil money penalty in the amount of $1,500,000 to the Securities and Exchange Commission.  If timely payment is not made, additional interest shall accrue pursuant to 31 U.S.C. § 3717.

Payment must be made in one of the following ways:

4

(1)   Respondent may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request;

(2)   Respondent may make direct payment from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm; or

(3)   Respondent may pay by certified check, bank cashier's check, or United States postal money order, made payable to the Securities and Exchange Commission and hand-delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
HQ Bldg., Room 181, AMZ-341
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

Payments by check or money order must be accompanied by a cover letter identifying the Respondent in these proceedings, and the file number of these proceedings; a copy of the cover letter and check or money order must be sent to Osman E. Nawaz, Chief, Complex Financial Instruments Unit, Division of Enforcement, Securities and Exchange Commission, 100 Pearl Street, Suite 20-100, New York, NY 10004-2616.

C.   Amounts ordered to be paid as civil money penalties pursuant to this Order shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Respondent agrees that in any Related Investor Action, it shall not argue that it is entitled to, nor shall it benefit by, offset or reduction of any award of compensatory damages by the amount of any part of Respondent's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Respondent agrees that it shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the Securities and Exchange Commission. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this proceeding. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Respondent by or on behalf of one or more investors based on substantially the same facts as alleged in the Order instituted by the Commission in this proceeding.

By the Commission.

Vanessa A. Countryman
Secretary

5